KENNETH L. ANDREWS, SBN 175740
DOAN LAW FIRM, LLP
2850 PIO PICO DRIVE, SUITE D
CARLSBAD, CALIFORNIA 92008
(760) 450-3333 TELEPHONE
ken@dllfirm.com

ATTORNEYS FOR PLAINTIFF
Michael G. Doan

FILED
08 JAN -7 AM 9:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES FEDERAL COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael G. Doan,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, Inc., and Does 1 through 10 Inclusive,<br><br>Defendants. | CASE NO.: '08 CV 0031 J BLM<br><br>VIOLATIONS:  RFDCPA<br>FCRA<br>TORT IN SE<br>DEFAMATION<br><br>DEMAND: $445,000.00<br><br>JURY TRIAL DEMANDED |

I,

**INTRODUCTION**

1.   This is an action brought by an individual consumer against Defendants for violations of the California Rosenthal Act, Civil Code §1788 et seq. ("RFDCPA") and Fair Credit Reporting Act ("FCRA")(15 USC § 1681 et seq.), which prohibits debt collectors from engaging in abusive, deceptive, unfair practices, as well as improper credit reporting. Relief. The demand for relief consists of actual, statutory, and punitive damages, as well as attorney's fees and costs.

## II.

## FINDINGS AND PURPOSE OF STATUTES VIOLATED

2. The California Legislature made the following findings and purpose in creating the RFDCPA:

*(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

*(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

*(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3. On September 3, 1999, "urgency legislation" was passed adding 1788.17 to the RFDCPA which incorporated nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA").

4. The United States Congress has made the following findings and declaration of purpose under the FDCPA:

*(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

*(b) Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

*(c) Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.*

*(d) Interstate commerce. Abusive debt collection practices are carried on to a*

*substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.*

*(e) Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

### III.
### JURISDICTION

5. Jurisdiction of this Court arises under 28 USC 1331 and pursuant to 15 USC 1681, and pursuant to 28 USC 1367 for supplemental state law claims.

6. Personal jurisdiction is established because Defendant does business with the State of California.

7. Venue in this District is proper in that the Defendants transact business San Diego County and the conduct complained of occurred here.

### IV.
### PARTIES

8. Plaintiff MICHAEL G. DOAN ("DOAN") is a natural person residing in San Diego County, California.

9. DOAN is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)] as well as within the meaning of the FDCPA [15 USC § 1692a(3)].

10. DOAN is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11. Defendant JPMORGAN CHASE BANK ("CHASE") is a corporation doing business of collecting debts in this state operating from an address at 1111 Polaris Parkway, Columbus, OH 43240.

12. CHASE and DOES are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named CHASE to commit the acts and do the

things complained of which caused the injuries and damages to DOAN as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the DOAN. When the true names of the DOES are ascertained they will be substituted in.

13. CHASE is engaged in the collection of debts from consumers using the mail and telephone. CHASE regularly attempts to collect consumer debts.

14. CHASE is a "debt collector" as that term is defined by California Civil Code §1788.2(c) and is a "person" as that term is defined by California Civil Code § 1788.2 (g).

15. CHASE is a "creditor" as that term is defined by California Civil Code §1785.26(a)(1).

16. CHASE is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. CHASE is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq.].

18. The purported debt which CHASE attempted to collect from DOAN was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## V.

## FACTS

19. DOAN has held a CHASE MasterCard account No. 5187-4802-2073-9674 (the Account) since approximately 2002.

20. In the period of approximately November 1, 2006 through April 1, 2007 CHASE sent DOAN at least four (4) separate "convenience check" solicitation offers on his Chase Credit Account #5187 4802 2073 9674.

21. On 11/2/6, DOAN wrote a convenience check to Morgan Stanley in the amount of $50,000, and incurred a $75 transaction fee, and interest rate of .99%.

22. On 11/2/6, CHASE also penalized DOAN $35.00 in the form of an over the limit fee since the $75.00 transaction fee when added to the $50,000.00 convenience check offer technically placed DOAN over the limit.

23. On 3/18/7, and prior to the promotional rate expiring, DOAN paid the balance off in full leaving a credit balance of approximately -$(876.40).

24. In March, 2007, DOAN received another convenience check solicitation on a completely different Chase account, offering $30,000 at 1.82% for 6 months, with a $99 transaction fee. DOAN declined this offer.

25. In March, 2007, DOAN received another convenience check solicitation with his monthly statement. In very large font, it offered the monies at .99%.

26. At the time of the March, 2007 solicitation for .99%, DOAN had a second mortgage home equity line of credit up to $250,000 on his residence of which $66,028.00 was outstanding at 7.775%.

27. Since DOAN could save 6.786%, on $50,000 for a six month time period, DOAN used the convenience check to pay $50,000.00 towards the $66,028.00, in pursuit of the net savings of $1,696.25.

28. As with every other convenience check solicitation offer, DOAN understood that the transaction fee would cost $75 to $99.

29. Upon receiving a statement from Chase in April, 2007, DOAN learned that CHASE had charged him a transfer fee of $1,500.00.

30. DOAN immediately called Chase and protested the $1,500.00 charge with no success. He requested that the fee be removed since he was never properly advised of the fee and was never charged such a fee in the past for similar transactions. CHASE refused to honor DOAN'S request.

31. DOAN then advised CHASE of the following during that call:

   A) I am retaining the Law Firm of Doan, Levinson, & Liljegren. Please contact my attorney Ken Andrews.
   B) I dispute the validity of the transaction fee.
   C) Please direct all future correspondence to my attorney and cease and desist all future contact with me.
   D) I will immediately be sending a check as payment in full on the account and your acceptance will constitute an accord and satisfaction.
   E) I dispute the $1,500.00 transaction fee.

|   |   |   |   |
|---|---|---|---|
| 1 |  | F) | I dispute receiving proper notice of a 3% transaction fee. |
| 2 | 32. | | On May 1, 2007, DOAN provided Attorney Ken Andrews a check for $50,000.00 to pay the debt in full and as disputed. The check contained conspicuous language on the face of the check stating: *PAID IN FULL, ACCORD AND SATISFACTION, DISPUTED DEBT* |
| 5 | 33. | | On May 10, 2007, Attorney Ken Andews wrote to notify CHASE that |
| 6 | | A. | He was representing DOAN with respect to the Account, |
| 7 | | B. | DOAN disputed the debt, |
| 8 | | C. | DOAN intended to tender a check to CHASE that would constitute an accord, |
| 9 | | D. | Acceptance and cashing of the check by CHASE would be an accord and satisfaction, |
| 11 | | E. | "Cease and desist all future communications" with DOAN, |
| 12 | | F. | Cited relevant sections of California Code §1788 et seq. (RFDCPA), and |
| 13 | | G. | Specifically directed CHASE to send all future communications regarding the Account to the Law Office address. |
| 15 | 34. | | On May 10, 2007, Attorney Ken Andrew sent to CHASE a settlement check for $50,000.00, appropriately endorsed to properly constitute an accord and satisfaction. |
| 17 | 35. | | On May 14, 2007 CHASE accepted and endorsed the settlement check for $50,000.00. |
| 18 | 36. | | When CHASE negotiated the check, it did so without objecting to the restrictive endorsement or Attorney Letter dated May 10, 2007. |
| 20 | 37. | | The negotiation of the check for $50,000 was an Accord and Satisfaction, which settled the disputed Account in full. |
| 22 | 38. | | At the end of May, 2007, and after knowledge of attorney representation by way of phone call and written correspondence, CHASE communicated with DOAN, without attorney consent, by sending a statement of the Account to Plaintiff at his home address, and applied the $50,000 to the account, leaving a claimed balance of $1,480.77. CHASE had incorrectly charged $375.11 in interest at 14.24% interest as well instead of .99% as agreed. |
| 28 | 39. | | At the end of June, 2007, and after knowledge of attorney representation by way of |

phone call and written correspondence, CHASE had a second communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE once again charged interest at 14.24% interest and added an additional $18.21 to the balance.

40. In the middle of July, 2007, DOAN received a third communication from CHASE by way of a letter dated July 10, 2007 demanding payment and advising the account was past due.

41. On July 17, 2007, Attorney Andrews again wrote to CHASE a second time advising CHASE of his representation of DOAN; demanding CHASE discontinue all communications with the DOAN, advising debt was disputed and paid in full by way of accord and satisfaction, and advising that CHASE would be sued if they continue to contact the DOAN and/or untruthfully distort DOAN's credit report under the FRCA.

42. At the end of July, 2007, and after knowledge of attorney representation by way of phone call and two (2) written correspondences, CHASE had a fourth communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE increased the interest on the disputed balance to 29.99%, and added an additional $38.70 to the balance.

43. On August 1, 2007, Attorney Ken Andrews wrote CHASE a third time and advised of state and federal violations. He also proposed settlement of the violations with CHASE and advised a lawsuit would be forthcoming.

44. On August 2, 2007, CHASE wrote a letter to Attorney Andrews acknowledging his representation and enclosing copies of the two prior letters they received from Andrews demanding cease and desist, attorney representation, disputed balance, accord and satisfaction, etc.

45. At the end of August, 2007, and after knowledge of attorney representation by way of phone call and three written correspondences, CHASE had a fifth communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE once again charged interest at 29.99% interest, and added an

|   |     |   |
|---|-----|---|
| 1 |     | additional $42.06 to the balance, increasing it now to $1,696.74. |
| 2 | 46. | In response to the August communication, Attorney Andrews sent a fourth letter to CHASE on August 6, 2007, which enclosed prior correspondence and a copy of the check that was cashed which indicated the accord and satisfaction. Settlement was once again proposed. |
| 6 | 47. | At the end of September, 2007, and after knowledge of attorney representation by way of phone call and four written correspondences, CHASE had a sixth communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE once again charged interest at 29.99% interest, and added an additional $44.15 to the balance, increasing it now to $1,779.89. |
| 11 | 48. | In response to the September communication, Attorney Andrews sent a fifth letter to CHASE on September 4, 2007, advising of Attorney representation and that communications were still being sent to the DOAN and not the Attorney. He further advised that unless they respond to his prior correspondence in 10 days, a lawsuit would be filed. |
| 16 | 49. | At the end of October, 2007, and after knowledge of attorney representation by way of phone call and five written correspondences, CHASE had a seventh communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE once again charged interest at 29.99% interest, and added an additional $44.76 to the balance, increasing it now to $1,863.65. |
| 21 | 50. | In response to the October communication, Attorney Andrews sent a sixth letter to CHASE on October 4, 2007, describing the abusive and illegal conduct by CHASE, that they will now be sued, and which made a last time offer of settlement good for 10 days prior to litigation. |
| 25 | 51. | At the end of November, 2007, and after knowledge of attorney representation by way of phone call and six written correspondences, CHASE had an eighth communication with DOAN, without attorney consent, by sending a statement of the Account to DOAN at his home address; CHASE once again charged interest at 29.99% interest, and added an |

1  additional $87.45 to the balance, increasing it now to $1,951.10.

2  52.  Despite the phone call from DOAN and six (6) communications by Attorney Andrews to
3       CHASE advising that the debt was disputed, CHASE never reported to any of the credit
4       reporting agencies with which it reports to that the account balance was disputed.

5  53.  On November 16, 2007, Attorney Ken Andrews sent a dispute letter pursuant to the
6       FCRA to Experian, Equifax, and TransUnion noting that the account should be listed as
7       disputed and to update the record as disputed.

8  54.  The three credit bureaus then contacted CHASE. CHASE responded and verified that a
9       balance was owed, that it was seriously past due, and that the account was now closed.
10      CHASE also failed to report the account as disputed.

11 55.  In a Tri-Merge Credit report dated 6/22/07, DOAN had credit scores of 707, 746, and
12      749, from Equifax, TransUnion, and Experian respectively. In that report, CHASE was
13      not reporting a delinquency.

14 56.  Morgan Stanley ran DOAN's credit with Experian in August, 2007, and by letter date
15      8/14/07, advised DOAN that he had a 700 score.

16 57.  The Experian Score had dropped from 749 to 700 in 2 months as a direct result of
17      CHASE improperly reporting a balance due, reporting delinquent, and failing to report
18      that the account was disputed.

19 58.  DOAN obtained a credit report on 10/26/07, which showed the scores dropped further to
20      617, 631, and 634, from Equifax, TransUnion, and Experian, respectively.

21 59.  The TriMerge Credit Report further reported the account delinquent 120 days, $1,863.00
22      owed, $753.00 past due, late on 10/7 120 days, late on 9/9 90 days, late on 8/7 60 days,
23      late on 7/7 30 days. It also listed the "account closed at credit grantor's request" and
24      failed to list the account as "disputed" anywhere. It also listed one (1) 30 day late, one (1)
25      60 day late, and two (2) 90 day lates. It also listed a minimum monthly payment of
26      $102.00. It listed that this information was reported by CHASE to the credit bureaus as
27      of 10/7/7.

28 60.  Over the course of four (4) months from 6/22/07 to 10/26/07, CHASE had directly caused

|   |   |   |
|---|---|---|
| Equifax: | 707 to 617. | 90 point drop |
| TransUnion: | 746 to 631. | 115 point drop |
| Experian: | 749 to 634. | 115 point drop |

the credit scores to drop as follows:

61. DOAN now has credit scores in the 500s solely as a result of unlawful reporting by CHASE.

62. DOAN would have had credit scores above 700 but for the CHASE account.

63. DOAN has always had credit scores above 700 over the past 10 years.

64. As a result of CHASE'S unlawful credit reporting, DOAN'S credit score at each credit reporting bureau has dropped by over 100 points to date.

65. DOAN paid a $1,000 down payment in July, 2007, and is first in line at Lexus of Carlsbad to receive a 2008 Lexus LX570 with an approximate cost of $78,000. Due to the 115 point credit score drop, it appears that DOAN will be unable to proceed with the purchase and/or, will incur a substantially higher interest rate and be required to place a higher down payment.

66. In July, DOAN applied to refinance his second mortgage with Morgan Stanley, who also held $107,000 in a retirement plan for DOAN. The new rate would be 7.25% and the new limits would be $500,000.00.

67. In October, 2007, DOAN received a letter dated 10/2/7 from Morgan Stanley that they denied the application for the home equity line of credit. This denial came despite the six figure income DOAN reported, over $1.5 million equity in the property to secure the debt, and additional collateral pledge of $107,000.00 in retirement funds to secure the loan. Morgan Stanley denied DOAN'S application for a home equity line since CHASE failed to report the account as "disputed."

68. On October 10, 2007, DOAN was denied a credit increase to his Advanta credit card he uses in his business and pays off each month, due to a "serious delinquency" as reported by Experian.

69. DOAN is in the process of securing a fleet of 10 Scion vehicles for use in his business,

and now DOAN will either be unable to obtain credit for the purchase, or will be forced to pay a substantially higher rate of interest.

70. DOAN has suffered humiliation, frustration, and become tense and unhappy.

71. The acts complained of above are part of a pattern and practice of harassment by CHASE.

## VI.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### VIOLATION OF § 1788.17 of the RFDCPA

72. DOAN realleges and incorporates by reference the above paragraphs as though set forth fully herein.

73. FDCPA 15 USC 1692(b)(6) provides in pertinent part:

*after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney......*

74. CHASE violated 15 USC 1692(b)(6) since they contacted and harassed DOAN for payment after the account was paid in full and after being directly notified of attorney representation.

75. FDCPA 15 USC 1692(c)(c) provides:

*If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.*

76. CHASE violated 15 USC 1692(c)c since they contacted and harassed DOAN after being directly notified of the refusal to pay the debt.

77. CHASE violated 15 USC 1692(c)c since they contacted and harassed DOAN after being directly ordered to cease and desist all further communication.

78. California Civil Code Section 1788.17 requires that CHASE comply with the provisions of 15 USC 1692(b)(6) and 1692(c)c.

79. The foregoing violations of 15 USC 1692(b)(6) and 1692(c)c by CHASE result in at least nine (9) separate violations of California Civil Code Section 1788.17.

80. The forgoing acts by CHASE were willful and knowing violations of Title 1.6C of the California Civil Code(RFDCPA), are sole and separate violations under California Civil Code Section 1788.30(b), and trigger at least nine (9) separate $1,000.00 penalties totaling $9,000.00 against CHASE.

81. California Civil Code Section 1788.17 provides that CHASE is subject to the remedies of 15 USC 1692(k) for failing to comply with the provisions of 15 USC 1692(b)(6) and 1692(c)c.

82. The forgoing acts by CHASE were intentional, persistent, frequent, and devious violations of 15 USC 1692(b)(6) and 1692(c)c, which trigger additional damages of $1,000.00 under 15 USC 1692(k)(a)(2)(A).

## SECOND CAUSE OF ACTION:

## VIOLATION OF § 1788.14(c) of the RFDCPA

83. DOAN realleges and incorporates by reference the above paragraphs as though set forth fully herein.

84. CHASE violated California Civil Code §1788.14(c) by communicating with the DOAN with their letter dated July 10, 2007, after the DOAN'S attorney notified the CHASE that the DOAN was represented by an attorney.

85. The forgoing act by CHASE was a willful and knowing violation of Title 1.6C of the California Civil Code(FRDCPA), is a sole and separate violations under California Civil Code Section 1788.30(b), and trigger a separate $1,000.00 penalty.

## THIRD CAUSE OF ACTION

**VIOLATION OF § 1788.17 of the RFDCPA**

86. The DOAN repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

87. The CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse DOAN in connection with the collection of the alleged debt.

88. The CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

89. The CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt.

90. The CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer.

91. The CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

92. CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

93. CHASE violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(8) when reporting to the credit reporting agencies that the debt was disputed.

94. The forgoing monthly acts from May, 2007 thru December, 2007, were willful and knowing violations of Title 1.6C of the California Civil Code(RFDCPA), are sole and separate violations under California Civil Code Section 1788.30(b), and trigger at least eight (8) separate $1,000.00 penalties totaling $8,000.00 against CHASE.

95. California Civil Code Section 1788.17 provides that CHASE is subject to the remedies of

15 USC 1692(k) for failing to comply with the provisions of 15 USC 1692(b)(6) and 1692(c)c.

96. The forgoing acts by CHASE were intentional, persistent, frequent, and devious violations of 15 USC 1692, which trigger additional damages of $1,000.00 under 15 USC 1692(k)(a)(2)(A).

## FOURTH CAUSE OF ACTION
## TORT IN SE

97. DOAN repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

98. CHASE violated a statutory duty to another and are thus liable under the doctrine of "Tort-in-Se."

99. CHASE engaged in an unlawful course of conduct in violation of Civil Code §et seq.

100. CHASE acted with oppression, fraud, and/or malice, thereby entitling DOAN to punitive damages in an amount according to proof and a finder of fact at trial.

101. DOAN is entitled to recover actual and punitive damages.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

102. DOAN repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

103. After being informed by the credit reporting agencies that the DOAN disputed the accuracy of the information it was providing, CHASE negligently failed to conduct a proper investigation of the DOAN's dispute pertaining to the Account filed with the three national consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

104. CHASE negligently failed to review all relevant information purportedly provided by such credit reporting agencies to CHASE in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

105. CHASE negligently failed to direct such consumer reporting agencies to delete inaccurate information about the DOAN pertaining to the Account, as required by 15 U.S.C. § 1681s-2(b)(c)..

106. DOAN has a private right of action to assert claims against CHASE arising under 15 U.S.C. § 1681s-2(b).

107. CHASE is liable to the DOAN for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

108. The DOAN repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

109. After being informed by the credit reporting agencies that DOAN disputed the accuracy of the information it was providing, CHASE willfully failed to conduct a proper investigation of the DOAN's dispute, and willfully failed to report to the three national consumer reporting agencies that the account was disputed, as required by 15 U.S.C. § 1681s-2(b)(A).

110. CHASE willfully failed to review all relevant information purportedly provided by such credit reporting agencies to CHASE in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

111. CHASE willfully failed to direct such consumer reporting agencies to delete inaccurate information about the DOAN pertaining to the Account as required by 15 U.S.C. § 1681s-2(b)(c).

112. The DOAN has a private right of action to assert claims against CHASE arising under 15 U.S.C. § 1681s-2(b).

113. CHASE is liable to the DOAN for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with

1  an award of punitive damages in an amount to be determined by the trier of fact, as well
2  as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §
3  1681n.

## SEVENTH CAUSE OF ACTION

## DEFAMATION

114. The DOAN repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

115. CHASE maliciously defamed the DOAN by its knowing publication to third-parties of erroneous and false information concerning the account.

116. CHASE had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

117. CHASE's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the DOAN.

118. As a direct and proximate result of such conduct, the DOAN suffered actual damages as set forth herein.

119. CHASE is liable to the DOAN for the actual damages he has sustained by reason of such conduct.

120. The DOAN is entitled to an award of punitive damages from CHASE in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

**VII.**

**PRAYERS FOR RELIEF**

WHEREFORE, DOAN having set forth the aforementioned causes of action against CHASE, respectfully prays that this Court grant relief in the amount of $126,000.00 Actual damages, $19,000.00 Penalties, Attorney Fees and Costs According to Proof, Punitive Damages of $300,000.00, Injunctive Relief, and Declaratory Relief, and more specifically as follows:

A.  $100,000 in Actual Economic Damages consisting of attorney fees and costs previously paid to Attorney Andrews to end harassment, lost interest rate savings, increased HELOC costs, increased auto financing rates, and lack of increased credit availability, pursuant to California Civil Code §1788.30(a) and 1799.100(f);

B.  $1,000.00 additional damages pursuant to California Civil Code 1788.17 incorporating 15 USC 1692(k) against CHASE;

C.  $25,000 to compensate for mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries;

D.  $17,000 in penalties arising from (17) harassing contacts and false credit reporting uploads at $1000.00 per violation pursuant to California Civil Code 1788.17 incorporating 11 USC 1692, and §1788.30(a)

E.  $1,000 in penalties arising from the letter sent in violation of California Civil Code 1788.14(c) and §1788.30(b);

F.  $1,000 in penalties arising from false credit reporting under FCRA 15 USC 1681;

G.  Punitive damages of $300,000 for Tort in Se, Defamation, and Violations of the FCRA;

H.  Costs of Litigation and reasonable Attorney's Fees against CHASE pursuant to California Civil Code §1788.30(c), and Cal. Code Civ. Proc. §1021.5, California Civil Code §1788.17 for the violation of 15 USC §1962k of the FDCPA, Defamation, Tort In Se, and FCRA.

I.  Injunctive Relief against CHASE, restraining them from any further contact with DOAN;

1  J.  Injunctive Relief against CHASE that they update their credit reporting to reflect a $0
2      balance, no late payments, paid satisfactory, and removal of any other derogatory
3      remark;
4  K.  Declaratory Relief against CHASE, declaring their practices of communicating with and
5      harassing DOAN was in violation of California Civil Code Section 1788.14(c),
6      California Civil Code Section 1788.17, and 15 USC 1692;
7  L.  All other relief the DOAN is entitled to pursuant to FRCP 54(c).
8  M.  Such other and further relief as the Court may deem just and proper.

Dated:  December 18, 2007          Respectfully submitted,

                                   DOAN LAW FIRM, LLP


                                   By: _____
                                   KENNETH ANDREWS, Attorney for DOAN

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael G. Doan

**DEFENDANTS**
JP Morgan Chase Bank, Inc.,

FILED
08 JAN -7 AM 9:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ppv  DEPUTY

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth L. Andrews, Doan Law Firm LLP 2850 Pio Pico Drive, Sutie D, Carlsbad, CA 92008. (760) 450-3333

Attorneys (If Known)
'08 CV 0031 J BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 1681, California Rosenthal Act, Civil Code Section 1788

Brief description of cause:
Violation of California Rosenthal Act, FCRA, prohibiting debt collectors from abusive credit reporting/collecting.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 445,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 12/21/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146166   AMOUNT $350  1/7/08  BY  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
        UNITED STATES
        DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

      # 146166     - BH
      * * C O P Y * *
      January 07, 2008
          09:41:33


         Civ Fil Non-Pris
USAO #.: 08CV0031 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC# 0279



        Total-> $350.00



FROM: CIVIL FILING
      DOAN V. JP MORGAN BANK
```