Case 3:08-cv-00031-LAB-BLM   Document 5   Filed 03/05/2008   Page 1 of 3

```
 1  TODD F. STEVENS (SBN 137842)
    MARY M. BEST (SBN 110220)
 2  KEENEY WAITE & STEVENS
    A Professional Corporation
 3  402 West Broadway, Suite 1820
    San Diego, CA 92101
 4  Telephone:  (619) 238-1661
    Facsimile:  (619) 231-1897
 5

 6  Attorneys for Defendant CHASE BANK USA, N.A.
    (INCORRECTLY NAMED HEREIN AS JPMORGAN CHASE BANK, INC.)
 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL G. DOAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, INC. AND DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No. 08 CV 0031 LAB BLM<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION**<br><br>Date:　April 14, 2008<br>Time:　11:15 a.m.<br>Courtroom: 9<br><br>Judge:　The Hon. Larry A. Burns<br>Trial:　None Set |

　　　Petitioner, Chase Bank USA, N.A. ("Chase") alleges as follows:

　　　1.　On January 13, 2002, Plaintiff was issued a Chase credit card (with the last four digits of 9675) that is at issue in the pending litigation (the "Account"). When Plaintiff received the Account's credit card, it was accompanied by a Cardmember Agreement containing an Arbitration Agreement (see, Declaration of Donna Barrett, (the "Declaration"), ¶4; a copy of the Cardmember Agreement containing the arbitration clause is attached to the Declaration as Exhibit A.

　　　2.　The Arbitration Agreement was subsequently amended and the amendment sent to Plaintiff in March 2003 (Declaration, ¶9). A copy of the amendment to the Arbitration Agreement is attached as Exhibit B to the Declaration. The Account Statement containing the amendment is attached as Exhibit C.

///

///

1
PETITION FOR ORDER COMPELLING ARBITRATION
08 CV 0031 LAB BLM

1  3. The Arbitration Agreement was amended again in October 2004 and a copy of the amendment was sent to Plaintiff. (Declaration, ¶11). A copy of the final amendment is attached to the Declaration as Exhibit D.

4. Notwithstanding the existence of a valid arbitration clause, Plaintiff has commenced the present action.

5. Plaintiff's complaint unquestionably asserts causes of action that are all within the ambit of the Arbitration Agreement. The operative Arbitration Agreement (Exhibit D) states, in pertinent part:

> Claims Covered. Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other . . . arising from or relating in any way to the Cardmember Agreement, any prior cardmember agreement, your credit card account . . . . This Arbitration Agreement governs all Claims whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law . . . . As used in this Arbitration Agreement, the term Claim is to be given the broadest possible meaning.

See, Declaration, ¶11 and Exhibit D.

6. Plaintiff's Complaint alleges that his dispute with Chase arises out of the Account (Complaint, ¶19). Paragraphs 20-30 of the Complaint specifically allege transactions that Plaintiff allegedly undertook on the Account and serve as the basis for the causes of action contained in the Complaint. The Complaint's causes of action all arise out of transactions relating to the Account and are therefore subject to arbitration.

7. On February 14, 2008, my office sent Plaintiff's counsel a letter requesting that Plaintiff agree to adjudicate this lawsuit by arbitration, as required under the Cardmember Agreement. A copy of that letter is attached to the Declaration of Todd F. Stevens as Exhibit E.

8. On February 27, 2008, Plaintiff's counsel responded by e-mail, a copy of which is attached to the Declaration of Todd F. Stevens as Exhibit "F.

9. The e-mail states that Plaintiff will not agree to submit this dispute to arbitration and sets forth several unpersuasive reasons for the refusal.

1  WHEREFORE, Chase prays for an order compelling arbitration of the controversy in
2  accordance with the Arbitration Agreement and for such other and further relief as the Court deems
3  proper.

Dated:  March 4, 2008

KEENEY WAITE & STEVENS

By: *Todd F. Stevens* (signature)
Todd F. Stevens
Attorneys for Defendant
CHASE BANK USA, N.A