TODD F. STEVENS (SBN 137842)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA 92101
Telephone: (619) 238-1661
Facsimile: (619) 231-1897

Attorneys for Defendant CHASE BANK USA, N.A.
(INCORRECTLY NAMED HEREIN AS JPMORGAN CHASE BANK, INC.)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL G. DOAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, INC. AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 08 CV 0031 LAB BLM<br><br>CHASE BANK USA, N.A.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION<br><br>Date: April 14, 2008<br>Time: 11:15 a.m.<br>Courtroom: 9<br>Judge: The Hon. Larry A. Burns |

**I.**

**INTRODUCTION**

Plaintiff raises three arguments in his opposition -- all of which can be easily dispatched. First, Plaintiff claims that no valid arbitration agreement exists between himself and Chase. Not true, since as a matter of law, Plaintiff's acceptance and use of the Chase Account constitutes Plaintiff's acquiescence to the Arbitration Agreement.

Alternatively, Plaintiff claims that if there is a valid Arbitration Agreement, it is unenforceable as both procedurally and substantively unconscionable. Neither of these arguments possesses any merit. Federal courts have already examined arbitration agreements virtually identical to the one at issue in this case and rejected unconscionability arguments. Ironically, Plaintiff himself is an attorney with over 13 years of experience litigating consumer disputes such as the present.

Finally, Plaintiff argues that California law, not Delaware law, controls the issues of unconscionability. While the Account is clearly governed by Delaware law, whether California or Delaware law is applied, the result is the same: the Arbitration Agreement is not unconscionable and is fully enforceable.

Accordingly, this court should grant Chase's petition to compel arbitration.

**II.**

**A VALID AND ENFORCEABLE ARBITRATION AGREEMENT EXISTS BETWEEN PLAINTIFF AND CHASE**

Plaintiff claims that Chase "has not proffered into evidence any arbitration or other agreement signed by the Plaintiff." However, Chase submitted with the Declaration of Donna Barrett, the Arbitration Agreement that governs Plaintiff's Account with Chase. (See, Barrett Declaration, ¶¶4 and 7). It is extremely well settled that the party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the claims at issue. Green Tree Fin. Corp. Alabama v. Randolph, (1995) 531 U.S. 79, 72.

Whether a valid agreement to arbitrate exists is governed by the applicable state contract law. Doctor's Assocs., Inc. v. Casarotto (1996) 517, U.S. 681, 686-687. In a case directly on point, Discover Bank v. Superior Court (Boehr) (2005) 134 Cal.App.4th 886, the court considered the validity of an arbitration agreement applying Delaware law between a California cardholder and a Delaware bank. The Discover Bank court held that since the lender was based in Delaware the "chosen state has a substantial relationship to the parties" and therefore Delaware law applied to the interpretation of the arbitration provision in the cardholder agreement.

In the present case, Chase is based in Delaware. (Barrett Declaration, ¶2). The Account is governed by the laws of Delaware. (Barrett Declaration, ¶6). Thus, Delaware law applies to the question of the validity of the Arbitration Agreement.

Plaintiff concedes (indeed bases his complaint upon) use of the Account. (Plaintiff's Complaint, ¶¶21, 23 and 27). Using a credit card and making payments to the credit provider binds the cardholder to the terms and conditions of card use. Grasso v. First USA Bank (Del. Super. 1988) 713, A.2d 304, 309 [holding that by using the credit card and making the first payment, the plaintiff

"unequivocally manifested acceptance of the agreement's terms"]. It is undisputed that Plaintiff both used the Account and made payments on the Account. [1]

However, even if California law applied to the question of the existence of a valid arbitration agreement (which Chase denies), the result is the same. Under California law, where a writing appears on its face to be a contract and it is delivered by one party to the other, the receipt by the latter and acceptance of the benefits and rights stated therein, manifests acceptance. Marin Storage & Trucking v. Benco Contracting Engineering (2002) 89 Cal.App.4th 1042, 1049. See also, Carmack v. The Chase Manhattan Bank (USA) (2007) 521 F.Supp. 2d 1017, 1027 [plaintiff accepted the terms of the card member agreement, including the arbitration clause, when she began using the card.]

Thus, Plaintiff's citation to authorities precluding arbitration in the absence of a valid agreement, are inapposite. A valid arbitration agreement exists between Plaintiff and Chase and therefore this court should grant the petition to compel arbitration.

## III.

## THE ARBITRATION CLAUSE IS NOT UNCONSCIONABLE

Courts applying Delaware law have consistently rejected claims that arbitration clauses in credit card agreements are unconscionable. See, Heiges v. JPMorgan Chase Bank, N.A. (2007) 521 F.Supp. 2d 641.

In Carmack v. The Chase Manhattan Bank, supra, the court held that "credit card agreements containing arbitration clauses are not unconscionable in either California or Delaware when they bind both parties."

The basic tests for determining whether an arbitration agreement or procedure is unconscionable were stated in Armendariz v. Foundation Health Psychcare Services, Inc. (2002) 24 Cal.4th 83, 113-114.

---

[1] Rather oddly, Plaintiff calls into question the authenticity of Exhibit C to the Barrett Declaration. Exhibit C is a copy of Chase's March 2003 billing statement sent to Plaintiff. Plaintiff questions why his address, account number and balance are not reflected on the statement. Of course, it is customary when private account information is filed with a court, the information is redacted to protect the cardholder's privacy, as Chase has done in this case. See, Declaration of Todd F. Stevens, ¶2.

> Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion .... If the contract is adhesive the court must then determine whether 'other factors are present which under established legal rules - legislative or judicial - operate to render it unenforceable.' [citation]

The Armendariz court referred to these other factors, respectively, as the "procedural" and "substantive" element. Procedural unconscionability focuses on oppression or surprise in the formation of the agreement and whether it violates the reasonable expectation of the parties. Substantive unconscionability focuses on whether the substantive terms of the contract are overly harsh or one-sided. In order to succeed on a claim of unconscionability, the party challenging the Arbitration Agreement must prove it is both procedurally and substantively unconscionable. Armendariz, Id. at 114. In the present case, Plaintiff cannot establish either procedural or substantive unconscionability.

## A. **No Procedural Unconscionability.**

Procedural unconscionability concerns how the contract was formed. Plaintiff argues that the Arbitration Agreement appears in a contract of adhesion. It was stated in Graham v. Scissortail, Inc. (1981) 28 Cal.3d 807, 817, that adhesion contracts are "an inevitable fact of life for all citizens -- businessman and consumer alike" and that they are usually enforced. See also, Washington Mutual Bank v. Superior Court (Briseno) (2001) 24 Cal.4th 106, 107 [choice of law provisions upheld even if contained in adhesion contract.]

Plaintiff cannot persuasively argue that he was surprised by or unaware of the inclusion of the Arbitration Provision in the contract because it was mailed to him with his monthly statement. He was given the opportunity to reject such provision and he failed to do so. (Barrett Declaration, ¶¶ 4, 9, 11 and 12).

The issue of procedural unconscionability also involves the extent to which supposedly agreed-up terms are unexpected or overly harsh. See Armendariz, 24 Cal.4th 83, 114. There can be no contention here that the terms relating to arbitration are unexpected, "overly harsh" or one-sided. Indeed, arbitration is generally recognized as a fast, inexpensive and fair way of resolving disputes. See, e.g. Moncharsh v. Heily & Blasé (1992) 3 Cal.4th 1, 9.

In Vernon v. Drexel Burnham & Co., Inc. (1975) 52 Cal.App.3d 706, an arbitration agreement was enforced even though it was in an adhesion contract, it appeared in a lengthy contract, and plaintiff claimed not to have read or noticed it. The court held that a party is deemed to agree to the terms of a written contract and that failure to read the contract is not a reason for refusing to enforce it; there was nothing indicating that an arbitration clause would be contrary to the reasonable expectations of the parties.

In the present case, Plaintiff submits a self-serving declaration claiming that he "never knew there was an arbitration agreement on the [A]ccount" and that he did not agree to such a provision. (Declaration of Michael Doan, ¶¶8 and 9). However, as previously stated, the failure to read a contract is no bar to enforcement.

The procedural unconscionability argument is particularly ironic in this case as Plaintiff is himself an attorney. Moreover, Plaintiff has been practicing for over 13 years and, according to his website, has filed "over 5,000 consumer bankruptcy cases in addition to hundreds of separate lawsuits inside those cases." (See, Stevens Declaration, ¶3). Plaintiff is certainly a sophisticated consumer and capable of understanding the implications of an arbitration provision.

**B. No Substantive Unconscionability.**

One requirement of substantive fairness is that the arbitration obligation be mutual, binding both parties to arbitrate a claim.[2] That requirement is met here as the Arbitration Agreement is mutual. (See, Barrett Declaration, ¶11). Under both Delaware and California law, mutuality defeats a claim of unconscionability. Carmack v. The Chase Manhattan Bank (USA), supra. In Armendariz, the court discussed the following requirements for substantive fairness in arbitration:

1. There must be provision for a neutral arbitrator;
2. There must be no limitation on the remedies otherwise available under law;

[2] Plaintiff devotes considerable argument to his contention that because the Arbitration Agreement contains a waiver of class action litigation -- the clause is substantively unconscionable and therefore unenforceable. However, this case is not a class action. Moreover, if the class action waiver provision is unenforceable under California law, the remainder of the provision will stand even if the class action waiver is ruled unconscionable. Carmack v. The Chase Manhattan Bank (USA), supra, 521 F. Supp. at 1024. Under Delaware law, class action waivers contained within arbitration provisions are not unconscionable. Discover Bank v. Superior Court, supra, 134 Cal.App.4th at 893.

3. There must be an adequate opportunity for discovery;

4. There must be a written arbitration award; and

5. The party must not be required to pay unreasonable costs and arbitration fees.

The Arbitration Agreement provides for one of three forums to conduct the arbitration proceedings, whichever the party filing the claim chooses: 1) The American Arbitration Association ("AAA"); 2) JAMS; and 3) National Arbitration Forum ("NAF"). Each of these forums has adopted a comprehensive Code of Procedure or Rules which meets all of the above tests.

**1. NAF Code of Procedure.**

The NAF has adopted a comprehensive Code of Procedure (attached as Exh. F to the Stevens Declaration) which provides as follows:

a. As to the requirement of a neutral arbitrator, under Rule 23.A, a party may request that an arbitrator be disqualified for cause, including bias or prejudice. Under NAF Rule 23.C & D, a party moves for disqualifying an arbitrator "by filing with the forum a written request stating the circumstances and specific material reasons for the disqualification." There is no limit on the number of times a party may move to disqualify an arbitrator.

b. There is no limitation on the remedies available in either the Code of Procedure or the Arbitration Clause.

c. Rule 29 provides for discovery. It gives the parties the right to request documents and other information from each other. If the parties are unable to resolve the discovery matters themselves, they may request a discovery order from the arbitrator. The parties may also subpoena non-party witnesses for the participatory hearing.

d. Rule 37 requires a written arbitration award not exceeding the money or relief requested in the claim.

e. As to fees, each Arbitration Agreement provides that Chase will advance all filing, administrative and hearing fees.

**2. JAMS Arbitration Rules**

The Rules of JAMS, attached as Exhibit G to the Stevens Declaration, provide as follows:

a. Neutral arbitrator: Under Rule 15(c) JAMS gives the parties a list of five names, and each party may strike two of the names and shall rank the remaining arbitrator candidates in the order of preference. The remaining arbitrator candidate with the highest ranking shall be chosen as arbitrator. Under Rule 15(i) a party may challenge the arbitrator for cause at any time during the arbitration process.

b. There is no limitation on the remedies available in Rule 24 of the JAMS Rules. Rule 24(c) provides:

> The arbitrator may grant any remedy or relief that is just and equitable within the scope of the parties' agreement, including but not limited to specific performance of a contract.

c. Discovery: Rule 17 provides for a voluntary exchange of all non-privileged documents relevant to the dispute, exchange of expert reports and depositions. Rule 17(d) provides for the arbitrator to resolve discovery disputes.

d. Rule 24(d) requires a written award.

e. Again Chase undertakes to advance all applicable fees. Rule 24(f) allows the arbitrator to assess fees and expenses in accordance with the agreement of the parties or as allowed by law.

**3. Rules of the American Arbitration Association.**

The Rules of the American Arbitration Association are attached as Exhibit H to the Stevens Declaration.

a. Neutral arbitrator. Article R-11 provides for the selection of arbitrators by the agreement of the parties. If the parties cannot select an arbitrator the administrator sends a list of ten names from which each party may strike three names, and the arbitrator is chosen from the remaining names. Under Article R-17 a party may challenge any arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality.

b. Under Article R-43 there is no limitation on the remedies and relief that may be included in an award.

c. The AAA Rules do not provide for formal <u>discovery</u> although the parties may agree on discovery.

d. Article R-42 requires a <u>written arbitration award</u> that states the reasons upon which the award is based.

e. Article R-43(c) provides that the arbitrator award and apportion the fees and expenses of the arbitrator, fees and expenses of the administrator and attorney's fees. Again Chase undertakes to advance all filing, administrative and hearing fees.

The provisions of the Arbitration Agreement, NAF Code of Procedure, JAMS Rules and AAA Rules as outlined above rebut any possible contention that the Arbitration Agreement is substantively unfair. Indeed the very fact that Plaintiff as the cardholder may choose any one of these three forums ensures that he will be accorded substantive fairness.

## V.

## CONCLUSION

Plaintiff has raised no persuasive arguments in opposition to the petition to compel arbitration. A valid arbitration agreement exists between Plaintiff and Chase. Moreover, the arbitration agreement is neither procedurally nor substantively unconscionable. Accordingly, Chase's petition to compel arbitration should be granted and this action stayed until the arbitration is concluded.

Dated: April 3, 2008

KEENEY WAITE & STEVENS

By: ______________________
Todd F. Stevens
Attorneys for Defendant
CHASE BANK USA, N.A