TODD F. STEVENS (SBN 137842)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA 92101
Telephone:    (619) 238-1661
Facsimile:    (619) 231-1897

Attorneys for Defendant CHASE BANK USA, N.A.
(INCORRECTLY NAMED HEREIN AS JPMORGAN CHASE BANK, INC.)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL G. DOAN, | Case No. 08 CV 0031 LAB BLM |
| Plaintiff, | **REPLY DECLARATION OF TODD F. STEVENS IN SUPPORT OF CHASE BANK USA, N.A.'S PETITION TO COMPEL ARBITRATION** |
| v. | |
| JPMORGAN CHASE BANK, INC. AND DOES 1 THROUGH 10, | Date:        April 14, 2008<br>Time:        11:15 a.m.<br>Courtroom: 9 |
| Defendants. | |
| | Judge:    The Hon. Larry A. Burns<br>Trial:        None Set |

I, Todd F. Stevens, declare:

1. I am an attorney duly licensed to practice law before the United States District Court, Southern District of California, and am a shareholder in the law firm of Keeney Waite & Stevens, attorneys of record for Defendant CHASE BANK USA, N.A. ("Chase"). I make this declaration from my own personal knowledge and if called upon to testify I would competently testify to the facts contained herein.

2. Exhibit C to the Declaration of Donna Barrett is a copy of the March 2003 Chase account statement provided to Plaintiff. Before filing with this Court -- to protect Plaintiff's privacy rights-- we redacted Plaintiff's home address, account number and account balance from the exhibit.

3. Attached to this declaration as Exhibit E is a copy of a page from the website maintained by The Doan Law Firm.

1

1       4.   Attached to this declaration as Exhibit F are the most recent Civil Procedure Rules

2   maintained by the National Arbitration Forum.  (I have included only the cover page and pertinent

3   portions).

4       5.   Attached to this declaration as Exhibit G are the most recent arbitration rules

5   maintained by JAMS.

6       6.   Attached to this declaration as Exhibit H are the most recent arbitration rules

7   maintained by the American Arbitration Association. (I have included only the cover page and

8   pertinent portions).

9       I declare under penalty of perjury and under the laws of the United States of America that the

10  foregoing is true and correct and executed this 3rd day of April, 2008.

11

12                                          Todd F. Stevens

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY DECLARATION OF TODD F. STEVENS IN SUPPORT OF CHASE BANK USA, N.A.'S PETITION TO
COMPEL ARBITRATION

EXHIBIT "E"



**THE FIRM**

**DOAN LAW FIRM** LLP
California's Largest Family of Attorneys

■ Michael G. Doan
■ Shawn A. Doan
■ Jonathan Doan
■ James P. Doan
■ Gregory J. Doan
■ Stephen N. Doan
■ Donald A. Green
■ Ken Andrews
■ Jeff Larkin
■ Paul Lipson
■ Todd Warshof
■ Daniel Wiedecker
■ FREE CONSULTATION

## Attorney Michael G. Doan Southern California Bankruptcy Law

### Certified Bankruptcy Specialist American Board of Certification



San Diego Bankruptcy Attorney Michael G. Doan graduated from the University of San Diego with a Bachelor of Accountancy, earning departmental honors, and minoring Philosphy. He then entered California Western School of Law, earning his Jurist Doctorate Degree.

Michael is admitted to the State Bar of California, the American Bar Association, as well as the San Diego County Bar Association and the North County Bar Association.

Other professional affiliations include:

- Bankruptcy Law Network, LLP
- National Bankruptcy Institute
- Association of Trial Lawyers of America
- Consumer Attorneys of San Diego
- National Association of Consumer Bankruptcy Attorneys
- American Bankruptcy Institute
- National Association of Consumer Advocates
- North County Attorney Referral Service
- and The San Diego County Attorney Referral Service

Michael is admitted to practice law in the Supreme Court of California, all Federal Courts of Appeals for the Ninth Circuit, and all Federal District Courts in the Southern and Central Districts of California.

He is a skilled Bankruptcy attorney with fourteen years experience practicing in the fields of insolvency, bankruptcy, personal injury, estate planning, contracts, real estate, and tax and debt negotiation.

He is also a licensed Mortgage Broker and Realtor by the State of California with membership in the San Diego Association of Realtors, Big Bear Association of Realtors, and President of a full-service real estate company, First Platinum Properties.

Currently, Michael is concentrating his practice solely in Bankruptcy Law and is a Board Certified

Specialist in Consumer Bankruptcy Law by the American Board of Certification, one of only eleven such attorneys in all of California.

To date, he has filed over 5,000 consumer bankruptcy cases in addition to hundreds of seperate lawsuits inside those cases. He has also has been published in both the Ninth Circuit Court of Appeals and the Ninth Circuit Bankruptcy Appellate Panel.

Mr. Doan also practices on the cutting edge of bankruptcy law, being the first attorney in the entire Southern District of California to file the very first Chapter 7 Bankruptcy and first Chapter 13 Bankruptcy under the new Bankruptcy Laws which went into effect on October 17, 2005.



Michael G. Doan has successfully completed **The American Board of Certification** requirements for national certification in consumer bankruptcy law.

To become certified, Southern California Bankruptcy Attorney Micheal G. Doan satisfied the following requirements:

- Full time practice of law for at least five years
- Documented involvement in consumer bankruptcy by providing information on cases practiced
- Demonstrated commitment to continuing legal education by earning at least 60 hours of bankruptcy education in the past three years
- Passed an extensive, day-long written examination covering consumer bankruptcy issues

The American Board of Certification is a non-profit organization dedicated to serving the public and improving the quality of the bankruptcy bar. The rigorous certification standards are designed to encourage bankruptcy practitioners to strive toward excellence and to recognize those attorneys who are experts in the bankruptcy field. The certification program is accredited by the American Bar Association.

The American Board of Certification is co-sponsored by the American Bankruptcy Institute and the Commercial Law League of America. The ABC Board of Directors consists of many of the nation's finest bankruptcy and creditors' rights lawyers, former judges, and law professors.

Michael Doan also recently attended **Max Gardner's Bankruptcy Camp**. Gardner's Boot Camp is an intensive five day, 12 hour/day, training session in bankruptcy litigation conducted on Gardner's 160-acre Farm located deep in the South Mountains of Western North Carolina near the small town of Casar. Gardner is widely recognized as the leading lawyers in America in the areas of Predatory Mortgage Servicing and the collection of discharged debts in consumer bankruptcy cases. His Boot Camps have been featured in the NY Times, the Washington Post, Business Week, and CNN, and Nightline. As a Proud Bootcamp graduate, Michael Doan and fellow Bootcampers are bringing considerable reform to creditor misconduct in bankruptcy cases throughout the United States.

mike@doanlaw.com
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
phone: 760.450.3333
fax: 760.720.6082

For further information regarding our firm please **CLICK HERE**. Hablamos Espanol.

All Content of this Site © 2007 Doan Law Firm, LLP.

EXHIBIT "F"

NATIONAL ARBITRATION
# FORUM.



# CODE OF
# PROCEDURE

**August 1, 2007**

## PART I - SCOPE

RULE 1     Arbitration Agreement                                              1
RULE 2     Definitions                                                        1
RULE 3     Representation                                                     5
RULE 4     Confidentiality                                                    5

## PART II - COMMENCEMENT OF ARBITRATION

RULE 5     Summary of Procedures                                             6
RULE 6     Service of Claims, Responses, Requests, and Documents             7
RULE 7     Filing                                                            8
RULE 8     Notices and Conferences                                          9
RULE 9     Time Periods, Time Extensions, Adjournments, and Stays           9
RULE 10    Time Limitations                                                10

## PART III - DOCUMENTS

RULE 11    Form and Parties                                                11
RULE 12    Initial Claim                                                   11
RULE 13    Response                                                        12
RULE 14    Counter Claim                                                   13
RULE 15    Cross-claim                                                     14
RULE 16    Third Party Claim                                               14
RULE 17    Amendment                                                       15
RULE 18    Request to Arbitrator or Forum                                  16
RULE 19    Joinder, Intervention, Consolidation, and Separation            17

## PART IV - ARBITRATORS

RULE 20    Authority of Arbitrators                                        18
RULE 21    Selection of Arbitrators                                        18
RULE 22    Number of Arbitrators                                           19
RULE 23    Disqualification of Arbitrator                                  19
RULE 24    Communications with Arbitrators                                 21

## PART V - HEARING

RULE 25    Selection of a Document Hearing                                 22
RULE 26    Selection of a Participatory Hearing                            22
RULE 27    Request for an Expedited Hearing                                23
RULE 28    Document Hearing                                                25
RULE 29    Discovery                                                       26
RULE 30    Subpoena for In-person Participatory Hearing                    28
RULE 31    Exchange of Information Before a Participatory Hearing          29
RULE 32    Location of an In-person Participatory Hearing                  29
RULE 33    Participatory Hearing                                           30
RULE 34    Participatory Hearing Proceedings                               30
RULE 35    Evidence in a Participatory Hearing                             31
RULE 36    Arbitration Proceedings in Absence of a Party                   32

## PART VI - AWARDS AND ORDERS

| | | |
|---|---|---|
| RULE 37 | Awards | 33 |
| RULE 38 | Orders | 34 |
| RULE 39 | Entry and Service of Awards and Orders | 34 |
| RULE 40 | Voluntary Dismissal | 34 |
| RULE 41 | Involuntary Dismissal | 35 |
| RULE 42 | Correction | 36 |
| RULE 43 | Reopening and Reconsideration | 36 |

## PART VII - FEES

| | | |
|---|---|---|
| RULE 44 | Fees | 38 |
| RULE 45 | Waiver of Fees | 40 |

## PART VIII - CODE PROVISIONS

| | | |
|---|---|---|
| RULE 46 | Compliance with Rules | 41 |
| RULE 47 | Legal Proceedings | 41 |
| RULE 48 | Interpretation and Application of Code | 42 |

## APPENDIX A

Notice of Arbitration

## APPENDIX B

Second Notice of Arbitration

## PART I

## SCOPE

**RULE 1. Arbitration Agreement.**

A. Parties who contract for or agree to arbitration provided by the Forum or this Code of Procedure agree that this Code governs their arbitration proceedings, unless the Parties agree to other procedures. This Code shall be deemed incorporated by reference in every Arbitration Agreement, which refers to the National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, adrforum.com, Forum or this Code of Procedure, unless the Parties agree otherwise. This Code shall be administered only by the National Arbitration Forum or by any entity or individual providing administrative services by agreement with the National Arbitration Forum.

B. Parties may agree to submit any matter, including any Claim for legal or equitable relief, to arbitration unless prohibited by applicable law.

C. Arbitrations will be conducted in accord with the applicable Code of Procedure in effect at the time the Claim is filed, unless the law or the agreement of the Parties provides otherwise. A case that has been Stayed, extended or Adjourned for more than one hundred-eighty (180) days may be subject to the Code of Procedure and Fee Schedule in effect at the time the case proceeds.

D. Parties may modify or supplement these rules as permitted by law. Provisions of this Code govern arbitrations involving an appeal or a review de novo of an arbitration by other Arbitrators.

**RULE 2. Definitions.**

For purposes of this Code, the following definitions apply:

A. Affidavit: A Written statement of a person who asserts the statement to be true under penalty of perjury or who makes the statement under oath before a notary public or other authorized individual.

B. Adjournment: A continuance or delay for a specific period of time requested after the appointment of an Arbitrator. See Time Extension and Stay.

C. Amendment: A change made to a Claim after it has been served on the Respondent and any change made to a Response after it has been filed and Delivered to all Parties.

1

D. Appearance: Any filing by a Party or Party's Representative under Rules 12, 13, 19B, 41A or 44H.

E. Arbitration Agreement: Any Written provision in any agreement between or among the Parties to submit any dispute, controversy or Claim to the Forum or to arbitration under this Code.

F. Arbitrator: An individual selected in accord with the Code or an Arbitration Agreement to render Orders and Awards, including a sole Arbitrator and all Arbitrators of an arbitration panel. No Arbitrator may be a director or officer of the Forum. A Party Arbitrator is an Arbitrator selected by a Party to serve as a member of a panel of Arbitrators in accord with the agreement of the Parties.

G. Award: Any Award establishing the final rights and obligations of the Parties or as otherwise provided by this Code or by law.

H. Claim: Any Claim submitted by any Party including an Initial Claim, Cross-claim, Counter Claim, and Third Party Claim.

I. Claimant: Any individual or Entity making any Claim under this Code.

J. Claim Amount: The total value of all relief sought. A Claimant seeking non-monetary relief states a monetary value for this relief for purposes of establishing the Claim Amount.

K. Common Claim: A Claim Amount less than $75,000.

L. Consumer: An individual, who is not a business or other Entity, whose Claim or Response against a business or other Entity arises:

   (1) From a transaction or event entered into primarily for personal, family or household purposes;

   (2) From an existing, past or prospective employment relationship with an employer Party; or

   (3) From a transaction or event involving any aspect of health care.

M. Delivery: Delivery to the address of a Party, the Forum or an Arbitrator by the postal service of the United States or any country, or by a reliable private service, or by facsimile, e-mail, electronic or computer transmission.

N. Director: The Director of Arbitration and the Forum staff administer arbitrations under this Code or under other rules agreed to by the Parties.

O. Document: Any Writing or data compilation containing information in any form, including an agreement, record, correspondence, summary, electronically stored information, tape, e-mail, video, audio, disk, computer file, electronic attachment, notice, memorandum or other Writings or data compilations.

P. E-commerce Transaction: All contracts and agreements entered into, in whole or in part, by electronic or computer communication and all transactions consummated through electronic or computer communication.

Q. Entity: Any association, business, company, cooperative, corporation, country, governmental unit, group, institution, organization, partnership, sole proprietorship, union or other establishment.

R. Fee Schedule: The Fee Schedule appears in a supplement to this Code.

S. Forum: The National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, arbitration-forum.com, and adrforum.com constitute the administrative organizations conducting arbitrations under this Code. The Forum or an entity or individual providing administrative services by agreement with the Forum administers arbitrations in accord with this Code.

T. Hearing: Hearings include:

  (1) Document Hearing: A proceeding in which an Arbitrator reviews documents or property to render an Order or Award and the Parties do not attend.

  (2) Participatory Hearing: Any proceeding in which an Arbitrator receives testimony or arguments and reviews documents or property to render an Order or Award. The types of Participatory Hearings include:

    a. In-person Hearing – A Hearing at which the participants may appear before the Arbitrator in person;
    b. Telephone Hearing – A Hearing at which the participants may appear before the Arbitrator by telephone; and,
    c. On-line Hearing – A Hearing at which the participants may appear before the Arbitrator on-line, by e-mail or by other electronic or computer communication.

U. Interim Order: Any Order providing temporary or preliminary relief pending a final Award.

V. Large Claim: A Claim Amount of $75,000 or more.

W. Order: Any Order establishing specific rights and obligations of the Parties.

(1) A Dispositive Order results in a final Award or dismissal of any Claim or Response.

(2) All other Orders are Non-dispositive.

X. Party: Any individual or Entity who makes a Claim or against whom a Claim is made including Claimants, Respondents, Cross-claimants, and Third Parties.

Y. Party Witness: Any person who is an individual Party or who is an employee of an entity Party at the time of the service of the subpoena.

Z. Proof of Service: An Affidavit stating how and where service was made.

AA. Receive or Receipt: The Delivery or other effective notice to the Forum, or to a Party at the address of the Party or Party Representative.

BB. Representative: Any individual, including an attorney, who makes an appearance on behalf of a Party.

CC. Request: Any Request by a Party directed to an Arbitrator or the Forum for an Order or other relief, including any motion, petition or other type of Request.

DD. Respondent: Any Party against whom a Claim is made.

EE. Response: Any Written Response by a Party or Representative to any Claim.

FF. Sanctions: Sanctions include dismissal of the arbitration or the Claims or Responses; preclusion of evidence; admission of facts; payment of costs; payment of fees including reasonable attorney fees, Arbitrator fees, and arbitration fees; the rendering of an Order or Award; and other Sanctions deemed appropriate. Sanctions may be imposed against a Party, a Representative or both.

GG. Signature or Signed: Any mark, symbol or device intended as an attestation, produced by any reliable means, including an electronic transcription intended as a Signature.

HH. Stay: A delay for an indefinite period of time requested by a Claimant before an Arbitrator is appointed. See Time Extension and Adjournment.

II. Time Extension: A continuance or delay for a specific period of time requested before the appointment of an Arbitrator. See Adjournment and Stay.

JJ. With Prejudice: The case cannot be brought again. The Claimant cannot subsequently bring the same Claim against the Respondent.

KK. Without Prejudice: The case may be brought again. The Claimant can subsequently file the same Claim against the same Respondent.

LL. Writing or Written: Any form intended to record information, including symbols on paper or other substance, recording tape, computer disk, electronic recording, and video recording and all other forms.

**RULE 3. Representation.**

A. Parties may act on their own behalf or may be represented by an attorney or by a person who makes an appearance on behalf of a Party.

B. Parties, their Representatives, and all participants shall act respectfully toward the Forum staff, the Arbitrator, other Parties, Representatives, witnesses, and participants in the arbitration.

**RULE 4. Confidentiality.**

Arbitration proceedings are confidential unless all Parties agree or the law requires arbitration information to be made public. Arbitration Orders and Awards are not confidential and may be disclosed by a Party. The Arbitrator and Forum may disclose case filings, case dispositions, and other case information filed with the Forum as required by a Court Order or the applicable law.

## PART IV

## ARBITRATORS

### RULE 20.  Authority of Arbitrators.

A.  Arbitrators have the powers provided by this Code, the agreement of the Parties, and the applicable law.

B.  Arbitrators selected in accord with Rule 21A(3) shall take an oath prescribed by the Director and shall be neutral and independent.

C.  Arbitrators shall decide all factual, legal, and other arbitrable issues submitted by the Parties and do not have the power to decide matters not properly submitted under this Code.

D.  An Arbitrator shall follow the applicable substantive law and may grant any legal, equitable or other remedy or relief provided by law in deciding a Claim, Response or Request properly submitted by a Party under this Code. Claims, Responses, remedies or relief cannot be unlawfully restricted.

E.  An Arbitrator shall have the power to rule on all issues, Claims, defenses, questions of arbitrability, and objections relating to the existence, scope, and validity of the contract, transaction, or relationship of the Parties.

F.  An Arbitrator shall have the power to rule on all issues, Claims, Responses, questions of arbitrability, and objections regarding the existence, scope, and validity of the Arbitration Agreement including all objections relating to jurisdiction, unconscionability, contract law, and enforceability of the Arbitration Agreement.

### RULE 21.  Selection of Arbitrators.

A.  Parties select an Arbitrator(s):

   (1) By selecting an Arbitrator or a panel of Arbitrators on mutually agreeable terms; or

   (2) By each Party selecting an Arbitrator and those Arbitrators selecting another Arbitrator for a panel of Arbitrators; or

   (3) In the absence of an election of Rule 21A(1) or (2), by using the selection process in Rules 21B through 23 of this Code.

Parties must notify the Forum of their election of Rule 21A(1) or (2), or other agreement for Arbitrator selection, no later than thirty (30) days after the filing of a Response with the Forum.

B. For Large Claim Hearings, the Forum shall provide to each Party making an Appearance a list of Arbitrator candidates equal in number to the number of Parties plus the number of Arbitrators required under Rule 22. Each Party making an Appearance may strike one of the candidates and may Request disqualification of any candidate in accord with Rule 23C by notifying the Forum in Writing, within ten (10) days of the date of the strike list.

C. For Common Claim Hearings, the Forum shall submit one Arbitrator candidate to all Parties making an Appearance. A Party making an Appearance may remove one Arbitrator candidate by filing a notice of removal with the Forum within ten (10) days from the date of the notice of Arbitrator selection. A Party making an Appearance may request disqualification of any subsequent Arbitrator in accord with Rule 23.

D. Upon Request for an Expedited Hearing or if the need for an Arbitrator arises before an Arbitrator is designated in accord with Rule 21A, the Forum shall promptly designate an Arbitrator and the issues to be decided.

E. A Party is prohibited from striking or removing an Arbitrator or an Arbitrator candidate based on race, gender, nationality, ethnicity, religion, age, disability, marital status, family status, or sexual orientation.

F. A Party may request Receipt of the Notice of Arbitrator selection by notifying the Forum, in Writing, within ten (10) days from the date Claimant files Proof of Service of the Initial Claim. Notices related to Arbitrator selection need not be provided to a Party who has failed to respond to a Claim or otherwise appear or defend or pay fees as provided by this Code.

**RULE 22. Number of Arbitrators.**

Unless the Parties agree otherwise, for all Hearings, one (1) Arbitrator shall conduct the Hearing and issue an Award. Where the Parties have agreed to more than one (1) Arbitrator, that number of Arbitrators will serve and the Forum shall designate the chair of the panel, unless the Parties agree otherwise.

**RULE 23. Disqualification of Arbitrator.**

A. An Arbitrator shall be disqualified if circumstances exist that create a conflict of interest or cause the Arbitrator to be unfair or biased, including but not limited to the following:

  (1) The Arbitrator has a personal bias or prejudice concerning a Party, or personal knowledge of disputed evidentiary facts;

20

(2) The Arbitrator has served as an attorney to any Party, the Arbitrator has been associated with an attorney who has represented a Party during that association, or the Arbitrator or an associated attorney is a material witness concerning the matter before the Arbitrator;

(3) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a matter before the Arbitrator;

(4) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a Party;

(5) The Arbitrator or the Arbitrator's spouse or minor child residing in the Arbitrator's household has a significant personal relationship with any Party or a Representative for a Party; or

(6) The Arbitrator or the Arbitrator's spouse:

    a. Is a Party to the proceeding, or an officer, director, or trustee of a Party; or,
    b. Is acting as a Representative in the proceeding.

B. An Arbitrator shall provide the Forum with a complete and accurate resume, a copy of which the Forum shall provide the Parties at the time of the selection process. An Arbitrator shall disclose to the Forum circumstances that create a conflict of interest or cause an Arbitrator to be unfair or biased. The Forum shall disqualify an Arbitrator or shall inform the Parties of information disclosed by the Arbitrator if the Arbitrator is not disqualified.

C. A Party making an Appearance may request that an Arbitrator be disqualified by filing with the Forum a Written Request stating the circumstances and specific material reasons for the disqualification. A Party who knows or has reason to know of circumstances disqualifying an Arbitrator must immediately disclose those circumstances to the Arbitrator, the Forum, and all other Parties. A Party who fails to timely and properly disclose disqualifying circumstances agrees to accept the Arbitrator and waives any subsequent objection to the Arbitrator in the pending arbitration or any other legal proceeding.

D. A Request to disqualify an Arbitrator must be filed with the Forum within ten (10) days from the date of the Notice of Arbitrator selection. The Forum shall promptly review the Request and shall disqualify the Arbitrator if there exist circumstances requiring disqualification in accord with Rule 23A or other material circumstances creating bias or the appearance of bias.

E. If an Arbitrator is disqualified or becomes unable to arbitrate before the issuance of an Award, the Forum shall designate a new Arbitrator or panel or re-schedule the hearing, unless the Parties agree otherwise.

## RULE 24. Communications with Arbitrators.

A. No Party or Party Representative shall directly communicate with an Arbitrator except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

B. No Party or Party Representative shall communicate with a Party Arbitrator after the complete panel of Arbitrators has been selected, except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

PART V

HEARING

**RULE 25. Selection of a Document Hearing.**

A. In Common Claim cases, a Document Hearing shall be scheduled upon the filing of a Response and Receipt of the Administrative Fee.

B. In Large Claim cases, a Party may select a Document Hearing by filing a Written selection with the Forum, served on all other Parties by Delivery as defined in Rule 2M, and accompanied by a Written estimate of the number of hours or days required for the hearing and the fee for the Document Hearing provided in the Fee Schedule.

C. The Forum shall provide Written notice of a Document Hearing to all Parties not later than fifteen (15) days before the Document Hearing.

D. If another Party selects a Participatory Hearing, the Document Hearing shall be part of the Participatory Hearing.

E. For sufficient reason, the Forum or Arbitrator may postpone a Document Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

**RULE 26. Selection of a Participatory Hearing.**

A. A Party may select a Participatory Hearing of any type by:

   (1) Filing a Written selection for a Participatory Hearing containing the information required in Rule 26B;

   (2) Designating the type of Participatory Hearing requested: In-person, Telephone, or On-line; and

   (3) Serving by Delivery, as defined by Rule 2M, the selection on all other Parties.

   (4) For Common Claim cases, a selection of a Participatory Hearing must be filed with the Forum not later than fifteen (15) days after the Delivery of a Response. A Request for a Participatory Hearing made after this time may be filed in accord with Rule 18.

   (5) The failure to timely select a Participatory Hearing is a waiver of the right to a Participatory Hearing.

B. Parties to a Participatory Hearing shall provide:

(1) The Party's estimate of the number of hours or days required, taking into account the rights of all Parties under Rules 34B and 35A;

(2) The names of witnesses proposed to offer evidence at the Hearing;

(3) The number of exhibits to be offered at the Hearing and their description;

(4) Any Request or requirement for a Written Award accompanied by the appropriate fee; and

(5) The fee for the Hearing as provided in the Fee Schedule.

No selection for a Participatory Hearing session is effective without payment of the appropriate fee, unless a waiver under Rule 45 has been granted.

C. The Forum shall set the date, time, place, and length of the Participatory Hearing and notify all Parties of the Hearing at least thirty (30) days before the beginning of the Participatory Hearing.

D. Before or after the beginning of a Participatory Hearing, if it is determined that the Participatory Hearing requires additional sessions, the Forum or Arbitrator shall require that the responsible Party pay for additional sessions in accord with Rule 44, or may suspend the Hearing until the additional sessions are properly scheduled.

E. For sufficient reason, the Forum or Arbitrator may postpone a Participatory Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

## RULE 27. Request for an Expedited Hearing.

A. A Party may Request an Expedited hearing to obtain expedited relief in an Order or Award. A Request for an Expedited Hearing may be brought when the Respondent is served with Claim Documents or at any time before an Award becomes final and shall be accompanied by an explanation of the reasons for the expedited relief and the applicable law and by the fee as provided in the Fee Schedule.

B. An Arbitrator shall promptly decide the Request.

C. The requesting Party shall serve Notice of the Expedited Hearing on all Parties not less than forty-eight (48) hours before the time set for the Expedited Hearing. Proof of Service of this Notice shall be filed with the Forum before the Expedited Document Hearing or shall be presented at the Expedited Participatory Hearing.

D. A Party may seek a temporary restraining Order or a preliminary injunction to prevent irreparable injury by requesting an Expedited Hearing and filing with the Forum and serving on the Respondent and any other Parties the following:

(1)   An Initial Claim in accord with Rule 12 or a Counter Claim or Third Party Claim;

(2)   A Request that explains the irreparable injury and the specific reasons and Documents supporting the Request;

(3)   An Affidavit from a person with personal knowledge describing the irreparable injury and specific facts;

(4)   The proposed security for the relief sought;

(5)   A proposed Order stating the specific relief sought, including a Hearing for a preliminary injunction if a temporary restraining Order is sought; and

(6)   The fee as provided in the Fee Schedule.

E. Any Party may immediately file with the Forum and Deliver to all Parties an objection to the Request and a fee as provided in the Fee Schedule.

F. A temporary restraining Order may be granted without Written or oral notice to the Respondent or that Party's Representative only if:

(1) It clearly appears from specific facts shown by Affidavit that immediate and irreparable injury, loss or damage will result to the Requesting Party before the Respondent or that Party's Representative can be heard in opposition; and

(2) The Requesting Party or Representative of the Requesting Party certifies in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claims that notice should not be required.

(3) A temporary restraining Order granted without notice shall be immediately served on all Parties by the Requesting Party.

G. A preliminary injunction shall only be issued upon notice to all Parties.

H. An Expedited Telephone, Document or In-person Hearing shall be scheduled as soon as possible by the Forum. A Hearing for a temporary restraining Order shall be scheduled no later than forty-eight (48) hours from the time of filing or notice, whichever is later. If a temporary restraining Order is issued without notice, a Party may request that a Hearing with notice be held within forty-eight (48) hours of the issuance of the temporary restraining Order.

I. An Arbitrator will conduct the Hearing and issue an Order promptly, and the Forum will enter the Order promptly.

J. Every Order granting relief shall state the time and date of issuance, the reasons for the issuance including the irreparable injury, the specific conduct to be restrained, the duration of the Order, the security required, and, if applicable, the reason why it was issued without notice.

K. A temporary restraining Order shall expire within the time fixed in the Order, not to exceed ten (10) days, unless the Parties agree to a longer period of time or an Arbitrator issues a preliminary injunction.

L. If a Party who receives a temporary restraining Order fails to timely proceed with the Hearing for a preliminary injunction, the Arbitrator shall dissolve the temporary restraining Order.

M. A Hearing on a Request for a preliminary injunction may be consolidated by the Arbitrator with the final Hearing in the case upon a Request by a Party.

N. No temporary restraining Order or preliminary injunction shall be issued unless the Requesting Party provides security as deemed proper by the Arbitrator for the payment of costs and damages as may be incurred or suffered by a Party wrongfully restrained or enjoined.

O. Where security is given in the form of a bond, stipulation or other undertaking with a surety or sureties, each surety agrees to submit to the jurisdiction of the Forum and the arbitration and agrees to be bound by all Orders issued by the Arbitrator in the case including Orders affecting the liability of each surety on the bond, stipulation or undertaking.

## RULE 28. Document Hearing.

A. A Party may submit any Document or property for consideration by the Arbitrator in a Document Hearing by filing with the Forum two (2) copies of the Document or property description and Delivering to all other Parties copies of the Document and property description.

B. Documents and property offered for consideration at a Document Hearing must be Received by the Forum and Delivered to all other Parties no later than ten (10) days from the date of the Notice of Selection of an Arbitrator as provided in Rule 21. Documents or property submitted after that date will be considered by Request of the submitting Party and granted by the Arbitrator for sufficient reason.

C. The Arbitrator shall determine the admissibility and weight of evidence and shall not be bound by rules of evidence.

D. During a Document Hearing, the Arbitrator may Request that the Parties submit additional information or Documents, including legal memoranda. Documents submitted in response to an Arbitrator's Request shall be filed with the Forum and Delivered to all other Parties no later than thirty (30) days after the date of the Request. A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires. Only one (1) extension by notice is available.

E. The Arbitrator may visit a site to examine a matter relating to the arbitration.

F. The close of a Document Hearing occurs when the Arbitrator completes reviewing the Documents or property.

G. The presence or involvement of a Party in a Hearing results in the waiver of any objections to the notice of the Hearing.

**RULE 29. Discovery.**

A. Cooperative Discovery. After a Response is filed, Parties shall cooperate in the exchange of Documents and information. A Party seeking discovery shall contact other Parties and discuss discovery information and any objections and arrange for the exchange of Documents and information.

B. Seeking Discovery.

  (1) If the Parties are unable to resolve discovery matters under Rule 29A, a Party may seek the disclosure of Documents, sworn answers to not more than twenty-five (25) Written questions, and one or more depositions before a Hearing where:

   a. The information sought is relevant to a Claim or Response, reliable, and informative to the Arbitrator; and
   b. The production of the information sought is reasonable and not unduly burdensome and expensive.

  (2) The Party seeking discovery shall Deliver to all other Parties a Notice identifying the Documents to be produced, Written questions to be answered, or the Notice of deposition identifying the deponent, the proposed length of time for the deposition, and the scope of the deposition, no later than thirty (30) days before the date of a Participatory Hearing or for a Document Hearing ten (10) days from the date of the Notice of the Selection of an Arbitrator.

  (3) A Party may seek other discovery, including Requests for admissions and Requests for physical or mental examinations, before a Hearing, where:

   a. The information sought is relevant to a Claim or Response, reliable, and essential to a fair hearing of the matter; and

27

b. The production of the information is reasonable and not unduly burdensome or expensive.

(4) The Party seeking discovery shall Deliver to all other Parties a copy of the Notice identifying the discovery sought no later than thirty (30) days before the date of a Participatory Hearing or for a Document Hearing ten (10) days from the date of the Notice of Selection of an Arbitrator.

C. Responding to Discovery. A Party Receiving a Notice shall Deliver to the Requesting Party:

(1) Within five (5) days after Receipt of the Notice of a deposition, a Written reply agreeing to the deposition or objecting to the deposition, including an explanation of the objections.

(2) Within twenty (20) days of the Receipt of the Notice for other discovery, a copy of the Documents Requested or a statement permitting an examination of the original Documents or property at a convenient time and place, sworn answers to the Written questions, or a Written agreement to provide other Requested discovery, or a Written objection explaining why all or some of the Documents, property or other discovery has not been provided.

D. Request for Discovery. If a Party objects in accord with this Rule, the Requesting Party may file with the Forum and Deliver to all Parties, no later than the Scheduling Notice deadline or ten (10) days after Receiving the objection:

(1) A Rule 18 Request for a Discovery Order;

(2) A copy of the Written objections; and

(3) A Written statement of reasons why the Requesting Party needs the discovery.

E. Decision. An Arbitrator shall promptly determine whether sufficient reason exists for the discovery and issue an Order.

F. Consequences. An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to provide discovery. An Arbitrator may impose Sanctions and costs and fees related to seeking or resisting discovery under Rule 29, including reasonable attorney fees, Arbitrator fees, and administrative fees against the non-prevailing Party.

**RULE 30. Subpoena for In-person Participatory Hearing.**

A. A Party may obtain a subpoena from an Arbitrator for a Participatory Hearing ordering a non-Party witness or other person permitted by law to produce Documents or

property at the Hearing or ordering a witness to testify at the Hearing by filing with the Forum and serving on all other Parties a Rule 18 Request.

B. The Request shall state reasons for the relevancy and reliability of the Documents, property or testimony and shall identify the witness and describe the Documents or property.

C. A Request for a Rule 30 subpoena must be Received by the Forum no later than twenty (20) days before the In-person Participatory Hearing, unless the Scheduling Notice provides otherwise.

D. The subpoena shall be issued by an Arbitrator if the Request conforms to Rules 30A, 30B, and 30C and demonstrates the relevancy and reliability of the Documents, property or testimony. No Party, lawyer or Representative of a Party may issue a subpoena.

E. The subpoena shall be served:

   (1) By a person who is not a Party and is not less than eighteen (18) years of age if served upon a non-Party witness, or

   (2) By Delivery or personal service if served upon a Party witness or the Party. The subpoena must be Received by the person subpoenaed no later than five (5) days before the Hearing, unless the Arbitrator Orders otherwise.

F. A subpoena may be served on a non-Party witness at any place allowed by applicable law.

G. A subpoena served on a non-Party witness shall be accompanied by a witness fee of twenty-five dollars ($25) and reasonable travel reimbursement to and from the Hearing location and the residence or place of business of the non-Party. A subpoena for the production of Documents or property served on a non-Party witness shall also be accompanied by payment of the reasonable costs of producing the Documents and property.

H. Within five (5) days after being served with the subpoena or before the time specified in the subpoena to appear at the Hearing, if less than five (5) days, the witness or a Party may Request an Order that the subpoena be dismissed or modified. The Request shall conform to Rule 18 and shall state why the subpoena should be dismissed or modified.

I. If a witness or Party makes a Request under Rule 30H, an Arbitrator shall promptly determine whether sufficient reason exists for the Order, or enforce the subpoena.

J. The Party having the subpoena served shall provide the Arbitrator with the Proof of Service of the subpoena if the witness fails to appear at the Hearing.

K. Subpoenas issued under this Code may be enforced in accord with the applicable law. A subpoena not issued by an Arbitrator under this Rule is unenforceable.

L. An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to produce a Party witness, in addition to imposing any other Sanction.

### RULE 31. Exchange of Information Before a Participatory Hearing.

A. Before all Participatory Hearings, each Party shall Deliver to all other Parties and file with the Forum two (2) copies of:

(1) A list of all witnesses expected to testify and a summary of their testimony;

(2) A list and description of all exhibits to be introduced;

(3) A copy of all Documents and a detailed description of any property to be introduced at the Hearing;

(4) An Affidavit establishing the authenticity of any Document proposed to be introduced at the Hearing; and

(5) Any Request for additional Participatory Hearing sessions, accompanied by the fee as provided in the Fee Schedule.

B. All Parties and the Forum shall Receive the lists, Documents, and Affidavits provided for in Rule 31A no later than ten (10) days before the Participatory Hearing, unless a Notice from the Forum or Arbitrator provides otherwise. Lists, Documents, and Affidavits may be submitted after that date only by Request of the submitting Party. Such Requests may be granted by the Arbitrator for sufficient reason.

C. The Arbitrator may exclude witnesses, testimony or Documents sought to be introduced by a Party who fails to comply with Rules 31A and 31B.

### RULE 32. Location of an In-person Participatory Hearing.

A. An In-person Participatory Hearing shall be held where the Arbitration Agreement designates or where the Parties agree or, in the absence of an agreement and for all Consumer cases, at a reasonably convenient location within the United States federal judicial district or other national judicial district where the Respondent to the Initial Claim resides or does business. A Respondent Entity does business where it has minimum contacts with a Consumer.

B. Unless the Parties agree otherwise, if there is more than one Respondent to an Initial Claim, an In-person Participatory Hearing shall be held in the United States federal judicial district or other national judicial district where the majority of the Respondents to the Initial Claim resides or does business. If there is no United States federal judicial

district or other national judicial district where a majority of Respondents resides or does business, the Forum shall select a reasonably convenient location for the In-person Participatory Hearing.

## RULE 33. Participatory Hearing.

A. A Participatory Hearing may include:

    (1) An introduction by the Arbitrator.

    (2) Opening statements by each of the Parties. The Respondent and other Parties have the option of reserving the opening statement until the presentation of their evidence.

    (3) Claimant's case. The Claimant may introduce evidence, examine witnesses, and submit exhibits. The Respondent and other Parties may also examine the witnesses and submit exhibits.

    (4) Respondent's case. The Respondent may introduce evidence, examine witnesses, and submit exhibits. The Claimant and other Parties may also examine the witnesses and submit exhibits.

    (5) Additional cases. Other Parties may present their case.

    (6) Rebuttal. A Party may introduce additional evidence, examine witnesses, and submit exhibits to rebut an opposing Party's case if the submissions are not repetitive, cumulative or otherwise inadmissible.

    (7) Summation. Each Party may present a closing statement.

    (8) Concluding remarks by the Arbitrator.

B. The close of a Participatory Hearing occurs when either the Arbitrator announces the Hearing closed or more than twenty (20) days elapse from the final session.

## RULE 34. Participatory Hearing Proceedings.

A. A Participatory Hearing may consist of one or more sessions. A Hearing may be conducted on any business day, unless the Parties and Arbitrator agree otherwise.

B. Hearing Sessions: Parties shall select sufficient time and sessions for Participatory Hearings in accord with Rule 26B. For Common Claim cases, a Hearing session is scheduled for the following length of time, unless more time or sessions are selected and the fees are paid:

A one hundred eighty-minute (180) session is scheduled for cases in which the amount in controversy exceeds $30,000.

A one hundred twenty-minute (120) session is scheduled for cases in which the amount in controversy is between $15,001 and $30,000.

A ninety-minute (90) session is scheduled for cases in which the amount in controversy is between $5,001 and $15,000.

A sixty-minute (60) session is scheduled for cases in which the amount in controversy is $5,000 or less.

C. The Arbitrator shall conduct an arbitration in an orderly, efficient, and economic manner, and shall determine the order and presentation of evidence and oral arguments.

D. All Parties to the arbitration and their Representatives shall be entitled to attend or be involved in the Participatory Hearing. Other persons may not attend, unless the Parties agree or the Arbitrator Orders otherwise. The Arbitrator may sequester witnesses.

E. The Arbitrator may request Documents and information from the Parties and may question any witness or Party to clarify evidence or arguments.

F. An Arbitrator may Request Parties to submit additional information or Documents including legal memoranda, which the Forum, the Arbitrator, and the Parties shall Receive no later than thirty (30) days after the final Participatory Hearing session.

G. A Party may Request permission to submit a post-hearing memorandum, which may be granted by the Arbitrator. The responsible Party shall pay the fee provided by the Fee Schedule.

H. The presence or involvement of a Party in a Hearing results in the waiver of any objections to the Notice and scheduling of the Hearing.

**RULE 35. Evidence in a Participatory Hearing.**

A. Presentation. Parties shall have a full and equal opportunity to present relevant and reliable evidence and oral and written arguments in support of their positions. Parties may present evidence and arguments in any reasonable form and by any means of communication.

B. Oath. The Arbitrator shall administer an oath or affirmation before a witness testifies.

C. Admissibility. The Arbitrator shall determine the admissibility and weight of evidence and shall not be bound by rules of evidence.

D. Objections. A Party may object to the introduction of evidence by another Party or a Request or question by an Arbitrator, and the Arbitrator shall rule on the objection.

E. Site Examination. An Arbitrator may visit a site to examine a matter relating to the arbitration accompanied by the Parties or their Representatives if they so choose.

F. Record. No record of a Hearing shall be kept unless agreed by all Parties or Ordered by the Arbitrator. The responsible Party or Parties Requesting a record shall arrange and pay for the record, and promptly provide a copy of the transcript or recording to the Arbitrator and the Forum at no cost to the Arbitrator or the Forum, and, if Requested by another Party, to that Party, at that Party's expense.

G. Interpreter. A Party who requires an interpreter shall arrange and pay for the interpreter. An Arbitrator may have an interpreter present, with a fee assessed to a Party or Parties as determined by the Forum.

**RULE 36. Arbitration Proceedings in Absence of a Party.**

A. An Arbitrator may issue an Award or Order when any Party has failed to respond, appear, or proceed at a Hearing, or otherwise defend as provided in this Code.

B. If a Party does not respond to a Claim, an Arbitrator will timely review the merits of the Claim for purposes of issuing an Award or Order. The Claimant need not submit an additional Request for an Award.

C. An Arbitrator may require an Affidavit, information or Documents from Parties who have appeared or conduct a Hearing to Receive evidence necessary to issue an Award or Order. Documents submitted in Response to an Arbitrator's Request shall be filed with the Forum no later than thirty (30) days after the date of the Request. A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires. Only one (1) extension by notice is available.

D. Each Party making an Appearance shall be provided notices relating to a Hearing.

E. No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend.

## PART VI

## AWARDS AND ORDERS

**RULE 37. Awards.**

A. An Award or Dispositive Order establishes the rights and obligations of all Parties named in the Award or Order and is final and binding, unless those Parties agree otherwise.

B. An Award shall not exceed the money or relief requested in a Claim or amended Claim and any amount awarded under Rule 37C.

C. An Award may include fees and costs awarded by an Arbitrator in favor of any Party only as permitted by law. A Party with a Claim for attorney fees or costs may seek to recover those expenses by bringing a timely Request in accord with Rules 18 and 12B. An opposing Party may object in accord with Rule 18. The Arbitrator may include attorney fees and costs in the final Award or in a separate Award.

D. An Award may include arbitration fees awarded by an Arbitrator or in favor of the Forum for fees due.

E. An Arbitrator shall endeavor to render an Award within twenty (20) days after the date of the close of the Hearing.

F. All Awards and Orders shall be in Writing, dated, and Signed by the Arbitrator or by a majority of the panel, and filed with the Forum.

G. An Award of an arbitration panel shall be by a majority of the Arbitrators. The chair of an arbitration panel may issue Orders, make rulings, and conduct proceedings.

H. An Award is a summary Award unless: (1) a Written notice is filed by a Party seeking reasons, findings of fact or conclusions of law, or (2) a prior Written agreement of the Parties requires reasons, findings of fact or conclusions of law and at least one Party files a Written notice requesting reasons, findings or conclusions. This Written agreement or notice must be filed with the Forum within ten (10) days of the date of the Notice of Selection of an Arbitrator and must be accompanied by a fee, if any, as provided in the Fee Schedule.

I. Awards shall be based upon a preponderance of the evidence presented, unless an agreement of the Parties or the applicable law provides otherwise.

J. An Arbitrator or the Forum may issue an Award or Order based upon a Written settlement Signed by the Parties.

**RULE 38. Orders.**

A. An Arbitrator or the Forum, where permitted by the Code, may issue an Order at the Request of a Party or on the initiative of the Arbitrator or the Forum.

B. At any time following the filing of a Claim, upon a Request by a Party and after a Hearing, the Arbitrator may issue an Interim Order and may require security as a condition of the Interim Order.

C. An Arbitrator who dismisses a Claim because there was no Arbitration Agreement or because the Arbitrator does not have the power to decide a Claim shall state the reason in the dismissal Order.

**RULE 39. Entry and Service of Awards and Orders.**

A. An Award or Order shall be entered in the state, country, or other jurisdiction provided for a Hearing in Rule 32, which shall appear on the Award or Order.

B. An Award or Order becomes final when entered. An Award or Order may not be entered if fees required by the Fee Schedule remain unpaid.

C. The Forum shall Deliver a copy of the Award or Order to all Parties or their Representatives or as directed by any Party.

D. Parties consent to service of the Award or Order and of all Documents, notices, and Orders necessary to confirm an Award or Order or to enter a judgment based on an Award or Order by Delivery, as defined by Rule 2M, at any address of the Party or Representative of record with the Forum.

E. An Award or Order may be confirmed, entered or enforced as a judgment in any court of competent jurisdiction. The Forum may disclose necessary Award information in connection with the confirmation, entering, enforcement or challenge of an Award or Order or otherwise as required by law.

F. Parties may request a duplicate original of an Award or Order or a copy of other filed Documents and pay the fee as determined by the Forum.

**RULE 40. Voluntary Dismissal.**

A. A Claimant may dismiss a Claim after it is filed and before the Respondent is served with the Claim by filing with the Forum a notice of dismissal.

B. A Claimant may dismiss a Claim after it is served and before the Respondent Delivers a Response to Claimant by Delivering to all Parties and filing with the Forum a notice of dismissal.

C. A Claimant may dismiss a Claim after a Respondent Delivers a Response that contains no Counter Claim within forty-five (45) days of the date the Response has been delivered to the Claimant or no later than a deadline established by a Scheduling Notice, whichever is later, by delivering to all Parties and filing with the Forum a notice of dismissal.

D. Any other Claim may be dismissed at the Request of the Claimant in accord with Rule 18. Before the selection of an Arbitrator, the Forum may dismiss the Claim. After the selection of the Arbitrator, the Arbitrator may dismiss the Claim.

E. A Claim shall be dismissed upon agreement of the Parties filed with the Forum.

F. Unless stated otherwise, the first voluntary dismissal of a Claim is Without Prejudice, and the Claim may be brought again.

G. A Claim voluntarily dismissed more than once is dismissed With Prejudice, and cannot be brought again.

## RULE 41. Involuntary Dismissal.

A. A Claim or Response may be dismissed by an Arbitrator at the Request of the Forum or a Party or on the initiative of the Arbitrator for one or more of the following reasons:

   (1) It is not supported by evidence.

   (2) It is not supported by existing law.

   (3) It is frivolous.

   (4) It has been presented or maintained for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of arbitration.

   (5) It is brought by a Party who has been declared to be a vexatious litigant by a court or Arbitrator.

   (6) A Party has violated any provision of the Code, or any Order or notice from an Arbitrator or the Forum.

B. A Claim or Response may be dismissed by an Arbitrator or the Forum at the Request of a Party in accord with Rule 18 or on the initiative of the Arbitrator or the Forum for one or more of the following reasons:

(1) A Party has failed to proceed with an arbitration or Claim.

(2) A Party has failed to pay fees as provided in the Fee Schedule.

(3) More than ninety (90) days have elapsed between the filing date of the Claim and the date the Forum receives a Response or Proof of Service of the Initial Claim.

(4) More than sixty (60) days have elapsed since a Hearing has been postponed or an arbitration case has been placed on inactive status.

C. The Forum shall Deliver notice of an involuntary dismissal to all Parties who have made an Appearance.

D. Unless stated otherwise, an involuntary dismissal by an Arbitrator is With Prejudice and the Claim may not be brought again.

E. An involuntary dismissal by the Forum is Without Prejudice and the Claim may be brought again.

F. If a Claimant again brings a Claim against a Respondent that was dismissed Without Prejudice, the Forum or Arbitrator may Order the costs incurred by the Respondent in the previous case be paid to the Respondent and may Stay the proceedings of the arbitration until the Claimant has complied with this Order.

G. If a Request for an Involuntary Dismissal is the only Request for a dispositive Order, that Request may be determined at the Document or Participatory Hearing.

**RULE 42. Correction.**

The Forum or an Arbitrator may correct clerical or administrative mistakes or errors arising from oversight or omission in the administration of cases or in the issuance of an Order or Award.

**RULE 43. Reopening and Reconsideration.**

A. An Arbitrator may reopen a Hearing or reconsider an Order or Award within a reasonable time from the date the Order or Award is entered if:

(1) Service of Process or Proof of Service of Process of a Claim was not complete as required by this Code;

(2) The Order or Award is ambiguous or contains evident material mistakes; or

(3) If all Parties agree.

B. An Arbitrator may reopen a Hearing or reconsider an Order or Award within forty-five (45) days from the date the Order or Award is entered if:

    (1) The Arbitrator failed to timely disclose material circumstances or material reasons for disqualification in accord with Rule 23A; or

    (2) The Arbitrator did not decide a submitted issue.

C. Otherwise, neither the Arbitrator nor the Forum has the power to vacate an Order or Award after the Order or Award becomes final, unless all Parties agree.

D. Requests that an Arbitrator reopen a Hearing or reconsider an Order or Award must be timely filed with the Forum in accord with Rule 18 and Delivered to all Parties. A Party cannot make a second Request.

E. An Order or Award is reviewable by a court of competent jurisdiction as provided by applicable law.

EXHIBIT "G"



JAMS, THE RESOLUTION EXPERTS

# COMPREHENSIVE ARBITRATION RULES & PROCEDURES

*EFFECTIVE MARCH 26, 2007*

# JAMS COMPREHENSIVE ARBITRATION RULES & PROCEDURES

JAMS provides arbitration and mediation services from 23 Resolution Centers located throughout the United States. Its arbitrators and mediators hear and resolve some of the nation's largest, most complex and contentious disputes, utilizing JAMS Rules and Procedures as well as the rules of other domestic and international arbitral institutions.

JAMS arbitrators and mediators are full-time neutrals who come from the ranks of retired state and federal judges and prominent attorneys. These highly trained and experienced ADR professionals are dedicated to the highest ethical standards of conduct.

Parties wishing to write a pre-dispute JAMS arbitration clause into their agreement should review the sample arbitration clauses on Page 4. These clauses may be modified to tailor the arbitration process to meet the parties' individual needs.



**THE RESOLUTION EXPERTS**

**www.jamsadr.com • 1.800.352.JAMS**

# Table of Contents

Standard Commercial Arbitration Clause\*  . . . . . . . . 4

Standard Commercial Arbitration Clause Naming
JAMS or Another Provider\*  . . . . . . . . . . . . . . . . . . . 4

Rule 1.   Scope of Rules. . . . . . . . . . . . . . . . . . . . . . . 6

Rule 2.   Party-Agreed Procedures . . . . . . . . . . . . . . 6

Rule 3.   Amendment of Rules . . . . . . . . . . . . . . . . . 7

Rule 4.   Conflict with Law . . . . . . . . . . . . . . . . . . . . 7

Rule 5.   Commencing an Arbitration . . . . . . . . . . . 7

Rule 6.   Preliminary and Administrative
          Matters . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rule 7.   Number of Arbitrators and
          Appointment of Chairperson. . . . . . . . . . . 9

Rule 8.   Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 9.   Notice of Claims . . . . . . . . . . . . . . . . . . . . 10

Rule 10.  Changes of Claims  . . . . . . . . . . . . . . . . . . 11

Rule 11.  Interpretation of Rules and
          Jurisdictional Challenges . . . . . . . . . . . . . 11

Rule 12.  Representation . . . . . . . . . . . . . . . . . . . . . . 12

Rule 13.  Withdrawal from Arbitration  . . . . . . . . . . 12

Rule 14.  *Ex Parte* Communications  . . . . . . . . . . . . 13

Rule 15.  Arbitrator Selection and
          Replacement. . . . . . . . . . . . . . . . . . . . . . . . 13

Rule 16.  Preliminary Conference . . . . . . . . . . . . . . 14

Rule 17.  Exchange of Information . . . . . . . . . . . . . . 15

Rule 18.  Summary Disposition of a
          Claim or Issue . . . . . . . . . . . . . . . . . . . . . . 16

Rule 19.  Scheduling and Location
          of Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . 16

Rule 20.  Pre-Hearing Submissions . . . . . . . . . . . . . 17

Rule 21.  Securing Witnesses and Documents
          for the Arbitration Hearing . . . . . . . . . . . 17

Rule 22.  The Arbitration Hearing. . . . . . . . . . . . . . . 18

Rule 23.  Waiver of Hearing . . . . . . . . . . . . . . . . . . . 20

Rule 24.  Awards  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Rule 25.  Enforcement of the Award . . . . . . . . . . . 22

Rule 26.  Confidentiality and Privacy . . . . . . . . . . . 22

Rule 27.  Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Rule 28.  Settlement and Consent Award  . . . . . . . 23

Rule 29.  Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 30.  Disqualification of the
          Arbitrator as a Witness or Party
          and Exclusion of Liability . . . . . . . . . . . . . 23

Rule 31.  Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rule 32.  Bracketed (or High-Low)
          Arbitration Option . . . . . . . . . . . . . . . . . . 25

Rule 33.  Final Offer (or Baseball)
          Arbitration Option . . . . . . . . . . . . . . . . . . 25

Rule 34.  Optional Arbitration
          Appeal Procedure. . . . . . . . . . . . . . . . . . . . 26

## Standard Arbitration Clauses Referring To The JAMS Comprehensive Arbitration Rules

### Standard Commercial Arbitration Clause*

*Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in (insert the desired place of arbitration), before (one) (three) arbitrator(s). The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures (Streamlined Arbitration Rules and Procedures). Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.*

*(Optional) Allocation of Fees and Costs: The arbitrator may, in the Award, allocate all or part of the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.*

Sometimes contracting parties may want their agreement to allow a choice of provider organizations (JAMS being one) that can be used if a dispute arises. The following clause permits a choice between JAMS or another provider organization at the option of the first party to file the arbitration.

### Standard Commercial Arbitration Clause Naming JAMS or Another Provider*

*Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in (insert the desired place of arbitration), before (one) (three) arbitrator(s). At the option of the first to commence an arbitration, the arbitration shall be administered either by JAMS pursuant to its (Comprehensive Arbitration Rules and Procedures) (Streamlined Arbitration Rules and Procedures), or by (name an alternate provider) pursuant to its (identify the rules that will govern). Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.*

*(Optional) Allocation of Fees and Costs: The arbitrator may, in the Award, allocate all or part of the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.*

*The drafter should select the desired option from those provided in the parentheses.

## Case Management Fees

JAMS charges a nominal Case Management Fee for cases. For arbitrations the Case Management Fee is:

| Hearing Length | Fee |
|---|---|
| 1 to 3 days . . . . . . . . . . . . . . . . . . . | $400 per party, per day |
| *(1 day is defined as 10 hours of professional time)* | |
| Time in excess of initial 30 hours . . . . . . . . . . . . . | 10% of professional fees |

JAMS neutrals set their own hourly, partial and full day rates. For information on individual neutral's rates and the Case Management Fee, please contact JAMS at 800-352-JAMS. The Case Management Fee structure is subject to change.

## Streamlined Rules

JAMS provides clients with the option to select a simplified arbitration process for those cases where the claims and counterclaims are below $250,000. JAMS Streamlined Arbitration Rules & Procedures are designed to minimize the arbitration costs associated with these cases while providing a full and fair hearing for all parties.

All of the JAMS Rules, including the Comprehensive Arbitration Rules set forth below, can be accessed at the JAMS website: www.jamsadr.com.

# JAMS Comprehensive Arbitration Rules & Procedures

*NOTICE: These Rules are the copyrighted property of JAMS. They cannot be copied, reprinted or used in any way without permission of JAMS, unless they are being used by the parties to an arbitration as the rules for that arbitration. If they are being used as the rules for an arbitration, proper attribution must be given to JAMS. If you wish to obtain permission to use our copyrighted materials, please contact JAMS at 949-224-1810.*

## Rule 1.   Scope of Rules

(a)  The JAMS Comprehensive Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, any disputed claim or counterclaim that exceeds $250,000, not including interest or attorneys' fees, unless other Rules are prescribed.

(b)  The Parties shall be deemed to have made these Rules a part of their Arbitration agreement whenever they have provided for Arbitration by JAMS under its Comprehensive Rules or for Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of the first paragraph of this Rule.

(c)  The authority and duties of JAMS are prescribed in the agreement of the Parties and in these Rules, and may be carried out through such representatives as it may direct.

(d)  JAMS may, in its discretion, assign the administration of an Arbitration to any of its offices.

(e)  The term "Party" as used in these Rules includes Parties to the Arbitration and their counsel or representatives.

## Rule 2.   Party-Agreed Procedures

The Parties may agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies (including, without limitation, Rules 15(i), 30 and 31). The Parties shall promptly notify JAMS of any such Party-agreed procedures and shall confirm such procedures in writing. The Party-agreed procedures shall be enforceable as if contained in these Rules.

## Rule 3.   Amendment of Rules

JAMS may amend these Rules without notice. The Rules in effect on the date of the commencement of an Arbitration (as defined in Rule 5) shall apply to that Arbitration, unless the Parties have specified another version of the Rules.

## Rule 4.   Conflict with Law

If any of these Rules, or a modification of these Rules agreed on by the Parties, is determined to be in conflict with a provision of applicable law, the provision of law will govern, and no other Rule will be affected.

## Rule 5.   Commencing an Arbitration

(a)  The Arbitration is deemed commenced when JAMS confirms in a Commencement Letter one of the following:

(i)  The submission to JAMS of a post-dispute Arbitration agreement fully executed by all Parties and that specifies JAMS administration or use of any JAMS Rules; or

(ii)  The submission to JAMS of a pre-dispute written contractual provision requiring the Parties to arbitrate the dispute or claim and which specifies JAMS administration or use of any JAMS Rules or which the Parties agree shall be administered by JAMS; or

(iii)  The oral agreement of all Parties to participate in an Arbitration administered by JAMS or conducted pursuant to any JAMS Rules, confirmed in writing by the Parties; or

(iv)  A court order compelling Arbitration at JAMS.

(b)  The Commencement Letter shall confirm that one of the above requirements for commencement has been met, that JAMS has received all payments required under the applicable fee schedule, and that the claimant has provided JAMS with contact information for all Parties along with evidence that the Demand has been served on all Parties. The date of commencement of the Arbitration is the date of the Commencement Letter.

(c)  If a Party that is obligated to arbitrate in accordance with subparagraph (a) of this Rule fails to agree to participate in the Arbitration process, JAMS shall confirm in writing that Party's failure to respond or participate and, pursuant to Rule 22(j), the Arbitrator, once appointed, shall schedule, and provide appropriate notice of a Hearing or other opportunity for the Party demanding the Arbitration to demonstrate its entitlement to relief.

(d) The definition of "commencement" in these Rules is not intended to be applicable to any legal requirement, such as the statute of limitations or a contractual limitations period. The term "commencement" as used in this Rule is intended only to pertain to the operation of this and other rules (such as Rule 3, 9(a), 9(c), 13(a), 17(a), 31(a).) The tolling of the statute of limitations or a contractual limitations period shall be regarded by JAMS to occur upon the date of service of a demand for arbitration; compliance with Rule 5(a) (i), (ii), (iii) or (iv) as appropriate; and payment of any fee required of that party under the applicable fee schedule.

## Rule 6.   Preliminary and Administrative Matters

(a) JAMS may convene, or the Parties may request, administrative conferences to discuss any procedural matter relating to the administration of the Arbitration.

(b) At the request of a Party and in the absence of Party agreement, JAMS may determine the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing such factors as the subject matter of the dispute, the convenience of the Parties and witnesses and the relative resources of the Parties shall be considered.

(c) If, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings. JAMS may so inform the Parties in order that one of them may advance the required payment. An administrative suspension shall toll any other time limits contained in these Rules, applicable statutes or the Parties' agreement.

(d) JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the Parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

(e) Unless the Parties' agreement or applicable law provides otherwise, JAMS may consolidate Arbitrations in the following instances:

(i) If a Party files more than one Arbitration with JAMS, and if JAMS determines that the Arbitrations so filed have common issues of fact or law, JAMS may consolidate the Arbitrations and refer them to a single Arbitrator.

(ii) Where a Demand or Demands for Arbitration is or are submitted naming Parties already involved in another Arbitration or Arbitrations pending under these Rules, JAMS may decide that the new case or cases will be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators already appointed.

(iii) Where a Demand or Demands for Arbitration is or are submitted naming parties that are not identical to the Parties in the existing Arbitration or Arbitrations, JAMS may decide that the new case or cases will be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators already appointed.

When rendering its decision, JAMS will take into account all circumstances, including the links between the cases and the progress already made in the existing Arbitrations.

Where a third party seeks to participate in an Arbitration already pending under these Rules or where a Party to an Arbitration under these Rules seeks to compel a third party to participate in a pending Arbitration, the Arbitrator will decide on such request, taking into account all circumstances the Arbitrator deems relevant and applicable.

Unless applicable law provides otherwise, where JAMS decides to consolidate a proceeding into a pending Arbitration, the Parties to the consolidated case or cases will be deemed to have waived their right to designate an Arbitrator.

## Rule 7.   Number of Arbitrators and Appointment of Chairperson

(a) The Arbitration shall be conducted by one neutral Arbitrator unless all Parties agree otherwise. In these Rules, the term "Arbitrator" shall mean, as the context requires, the Arbitrator or the panel of Arbitrators in a tripartite Arbitration.

(b) In cases involving more than one Arbitrator the Parties shall agree on, or in the absence of agreement JAMS shall designate, the Chairperson of the Arbitration Panel. If the Parties and the Arbitrator agree, the Chairperson may, acting alone, decide discovery and procedural matters.

(c) Where the Parties have agreed that each Party is to name one Arbitrator, the Arbitrators so named shall be neutral and independent of the appointing Party unless the Parties have agreed that they shall be non-neutral.

**Rule 8.  Service**

(a)  Service by a Party under these Rules is effected by providing one signed copy of the document to each Party and two copies in the case of a sole Arbitrator and four copies in the case of a tripartite panel to JAMS. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by any of these means is considered effective upon the date of deposit of the document. Service by electronic mail or facsimile transmission is considered effective upon transmission, but only if followed within one week of delivery by service of an appropriate number of copies and originals by one of the other service methods.

(b)  In computing any period of time prescribed or allowed by these Rules for a Party to do some act within a prescribed period after the service of a notice or other paper on the Party and the notice or paper is served on the Party only by U.S. Mail, three (3) calendar days shall be added to the prescribed period.

**Rule 9.  Notice of Claims**

(a)  If a matter has been submitted for Arbitration after litigation has been commenced in court regarding the same claim or dispute, the pleadings in the court case, including the complaint and answer (with affirmative defenses and counterclaims), may be filed with JAMS within fourteen (14) calendar days of the date of commencement, and if so filed, will be considered part of the record of the Arbitration. It will be assumed that the existence of such pleadings constitutes appropriate notice to the Parties of such claims, remedies sought, counterclaims and affirmative defenses. If necessary, such notice may be supplemented pursuant to Rule 9(b).

(b)  If a matter has been submitted to JAMS prior to or in lieu of the filing of a case in court or prior to the filing of an answer, the Parties shall give each other notice of their respective claims, remedies sought, counterclaims and affirmative defenses (including jurisdictional challenges). Such notice may be served upon the other Parties and filed with JAMS, in the form of a Demand for Arbitration, response or answer to demand for Arbitration, counterclaim or answer or response to counterclaim. Any pleading shall include a short statement of its factual basis.

(c)  Notice of claims, remedies sought, counterclaims and affirmative defenses may be served simultaneously, in which case they should be filed with JAMS within fourteen (14) calendar days of the date of commencement of the Arbitration, or by such other date as the Parties may agree. The

responding Parties may, however, in their sole discretion, wait to receive the notice of claim before serving any response, including counterclaims or affirmative defenses. In this case, the response, including counterclaims and affirmative defenses, should be served on the other Parties and filed with JAMS within fourteen (14) calendar days of service of the notice of claim. If the notice of claim has been served on the responding Parties prior to the date of commencement, the response, including counterclaims and affirmative defenses, shall be served within fourteen (14) calendar days from the date of commencement.

(d)  Any Party that is a recipient of a counterclaim may reply to such counterclaim, including asserting jurisdictional challenges. In such case, the reply must be served on the other Parties and filed with JAMS within fourteen (14) calendar days of having received the notice of counterclaim. No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of prior notice to the other Parties, unless all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

**Rule 10. Changes of Claims**

After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third Party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted except with the Arbitrator's approval. A Party may request a Hearing on this issue. Each Party has the right to respond to any new claim in accordance with Rule 9(c).

**Rule 11. Interpretation of Rules and Jurisdictional Challenges**

(a)  Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b)  Whenever in these Rules a matter is to be determined by "JAMS" (such as in Rules 6; 11(d); 15(d), (f) or (g); or 31(d)), such determination shall be made in accordance with JAMS administrative procedures.

(c)  Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of

the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(d) Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(e) The Arbitrator may upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may only be altered in accordance with Rules 22(i) or 24.

## Rule 12. Representation

(a) The Parties may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone and fax numbers, and email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b) Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone and fax numbers, and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

## Rule 13. Withdrawal from Arbitration

(a) No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5) except by written agreement of all Parties to the Arbitration.

(b) A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and on the Arbitrator. However, the opposing Parties may, within fourteen (14) calendar days of service of notice of the withdrawal of the claim or counterclaim, request that the Arbitrator order that the withdrawal be with prejudice. If such a request is made, it shall be determined by the Arbitrator.

## Rule 14. *Ex Parte* Communications

No Party may have any *ex parte* communication with a neutral Arbitrator regarding any issue related to the Arbitration. Any necessary *ex parte* communication with a neutral Arbitrator, whether before, during or after the Arbitration Hearing, shall be conducted through JAMS. The Parties may agree to permit *ex parte* communication between a Party and a non-neutral Arbitrator.

## Rule 15. Arbitrator Selection and Replacement

(a) Unless the Arbitrator has been previously selected by agreement of the Parties, JAMS may attempt to facilitate agreement among the Parties regarding selection of the Arbitrator.

(b) If the Parties do not agree on an Arbitrator, JAMS shall send the Parties a list of at least five (5) Arbitrator candidates in the case of a sole Arbitrator and ten (10) Arbitrator candidates in the case of a tripartite panel. JAMS shall also provide each Party with a brief description of the background and experience of each Arbitrator candidate. JAMS may replace any or all names on the list of Arbitrator candidates for reasonable cause at any time before the Parties have submitted their choice pursuant to subparagraph (c) below.

(c) Within seven (7) calendar days of service upon the Parties of the list of names, each Party may strike two (2) names in the case of a sole Arbitrator and three (3) names in the case of a tripartite panel, and shall rank the remaining Arbitrator candidates in order of preference. The remaining Arbitrator candidate with the highest composite ranking shall be appointed the Arbitrator. JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.

(d) If this process does not yield an Arbitrator or a complete panel, JAMS shall designate the sole Arbitrator or as many members of the tripartite panel as are necessary to complete the panel.

(e) If a Party fails to respond to a list of Arbitrator candidates within seven (7) calendar days after its service, JAMS shall deem that Party to have accepted all of the Arbitrator candidates.

(f) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of the Arbitrator selection process. JAMS shall determine whether the interests between entities are adverse for purposes

of Arbitrator selection, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the Arbitration.

(g) If, for any reason, the Arbitrator who is selected is unable to fulfill the Arbitrator's duties, a successor Arbitrator shall be chosen in accordance with this Rule. If a member of a panel of Arbitrators becomes unable to fulfill his or her duties after the beginning of a Hearing but before the issuance of an Award, a new Arbitrator will be chosen in accordance with this Rule unless, in the case of a tripartite panel, the Parties agree to proceed with the remaining two Arbitrators. JAMS will make the final determination as to whether an Arbitrator is unable to fulfill his or her duties, and that decision shall be final.

(h) Any disclosures regarding the selected Arbitrator shall be made as required by law or within ten (10) calendar days from the date of appointment. The obligation of the Arbitrator to make all required disclosures continues throughout the Arbitration process. Such disclosures may be provided in electronic format, provided that JAMS will produce a hard copy to any Party that requests it.

(i) At any time during the Arbitration process, a Party may challenge the continued service of an Arbitrator for cause. The challenge must be based upon information that was not available to the Parties at the time the Arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing Parties who may respond within seven (7) days of service of the challenge. JAMS shall make the final determination as to such challenge. Such determination shall take into account the materiality of the facts and any prejudice to the Parties. That decision will be final.

(j) Where the Parties have agreed that a Party-appointed Arbitrator is to be non-neutral, that Party-appointed Arbitrator shall not be subject to disqualification.

## Rule 16. Preliminary Conference
At the request of any Party or at the direction of the Arbitrator, a Preliminary Conference shall be conducted with the Parties or their counsel or representatives. The Preliminary Conference may address any or all of the following subjects:

(a) The exchange of information in accordance with Rule 17 or otherwise;

(b) The schedule for discovery as permitted by the Rules, as agreed by the Parties or as required or authorized by applicable law;

(c) The pleadings of the Parties and any agreement to clarify or narrow the issues or structure the Arbitration Hearing;

(d) The scheduling of the Hearing and any pre-Hearing exchanges of information, exhibits, motions or briefs;

(e) The attendance of witnesses as contemplated by Rule 21;

(f) The scheduling of any dispositive motion pursuant to Rule 18;

(g) The premarking of exhibits; preparation of joint exhibit lists and the resolution of the admissibility of exhibits;

(h) The form of the Award; and

(i) Such other matters as may be suggested by the Parties or the Arbitrator.

The Preliminary Conference may be conducted telephonically and may be resumed from time to time as warranted.

## Rule 17. Exchange of Information
(a) The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information relevant to the dispute or claim immediately after commencement of the arbitration. They shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witnesses at the Arbitration Hearing, and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report that may be introduced at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.

(b) Each Party may take one deposition of an opposing Party or of one individual under the control of the opposing Party. The Parties shall attempt to agree on the time, location and duration of the deposition, and if the Parties do not agree these issues shall be determined by the Arbitrator. The ne-

cessity of additional depositions shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

(c) As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents, to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that were not previously exchanged, or witnesses and experts that were not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(d) The Parties shall promptly notify JAMS when a dispute exists regarding discovery issues. JAMS shall arrange a conference with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all Parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

## Rule 18. Summary Disposition of a Claim or Issue

(a) The Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue, either by agreement of all interested Parties or at the request of one Party, provided other interested Parties have reasonable notice to respond to the request.

(b) JAMS shall facilitate the Parties' agreement on a briefing schedule and record for the Motion. If no agreement is reached, the Arbitrator shall set the briefing and Hearing schedule and contents of the record.

## Rule 19. Scheduling and Location of Hearing

(a) The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing. The Arbitrator and the Parties shall attempt to schedule consecutive Hearing days if more than one day is necessary.

(b) If a Party has failed to participate in the Arbitration process, the Arbitrator may set the Hearing without consulting

with that Party. The non-participating Party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date unless the law of the relevant jurisdiction allows for or the Parties have agreed to shorter notice.

## Rule 20. Pre-Hearing Submissions

(a) Subject to any schedule adopted in the Preliminary Conference (Rule 16), at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall exchange a list of the witnesses they intend to call, including any experts, a short description of the anticipated testimony of each such witness, an estimate of the length of the witness's direct testimony, and a list of exhibits. In addition, at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall identify all exhibits intended to be used at the Hearing and exchange copies of such exhibits to the extent that any such exhibit has not been previously exchanged. The Parties should pre-mark exhibits and shall attempt to resolve any disputes regarding the admissibility of exhibits prior to the Hearing. The list of witnesses, with the description and estimate of the length of their testimony and the copies of all exhibits that the Parties intend to use at the Hearing, in pre-marked form, should also be provided to JAMS for transmission to the Arbitrator, whether or not the Parties have stipulated to the admissibility of all such exhibits.

(b) The Arbitrator may require that each Party submit concise written statements of position, including summaries of the facts and evidence a Party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The statements, which may be in the form of a letter, shall be filed with JAMS and served upon the other Parties, at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

## Rule 21. Securing Witnesses and Documents for the Arbitration Hearing

(a) At the written request of a Party, all other Parties shall produce for the Arbitration Hearing all specified witnesses in their employ or under their control without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents either prior to or at the Hearing. Pre-issued subpoenas may be used in jurisdictions that permit them. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party or subpoenaed person may file an objection with the

Arbitrator, who will promptly rule on the objection, weighing both the burden on the producing Party and witness and the need of the proponent for the witness or other evidence. The Arbitrator, in order to hear a third party witness, or for the convenience of the Parties or the witnesses, may conduct the Hearing at any location unless the Arbitration agreement specifies a mandatory Hearing location.

(b) Any JAMS office may be designated a Hearing location for purposes of the issuance of a subpoena or subpoena *duces tecum* to a third party witness, unless the Arbitration agreement specifies a mandatory Hearing location. The subpoena or subpoena *duces tecum* shall be issued in accordance with the applicable law of the designated Hearing location and shall be deemed issued under that law. Objections to any subpoena or subpoena *duces tecum* shall be made and determined by the Arbitrator.

### Rule 22. The Arbitration Hearing

(a) The Arbitrator will ordinarily conduct the Arbitration Hearing in the manner set forth in these Rules. The Arbitrator may vary these procedures if it is determined reasonable and appropriate to do so.

(b) The Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial.

(c) The Arbitrator shall require witnesses to testify under oath if requested by any Party, or otherwise in the discretion of the Arbitrator.

(d) Strict conformity to the rules of evidence is not required, except that the Arbitrator shall apply applicable law relating to privileges and work product. The Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate. The Arbitrator may be guided in that determination by principles contained in the Federal Rules of Evidence or any other applicable rules of evidence. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

(e) The Arbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine. The Arbitrator may in his or her discretion consider witness affidavits or other recorded testimony even if the other Parties have not had the opportunity to cross-

examine, but will give that evidence only such weight as the Arbitrator deems appropriate.

(f) The Parties will not offer as evidence, and the Arbitrator shall neither admit into the record nor consider, prior settlement offers by the Parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

(g) The Hearing or any portion thereof may be conducted telephonically with the agreement of the Parties or in the discretion of the Arbitrator.

(h) When the Arbitrator determines that all relevant and material evidence and arguments have been presented, the Arbitrator shall declare the Hearing closed. The Arbitrator may defer the closing of the Hearing until a date agreed upon by the Arbitrator and the Parties, to permit the Parties to submit post-Hearing briefs, which may be in the form of a letter, and/or to make closing arguments. If post-Hearing briefs are to be submitted, or closing arguments are to be made, the Hearing shall be deemed closed upon receipt by the Arbitrator of such briefs or at the conclusion of such closing arguments.

(i) At any time before the Award is rendered, the Arbitrator may, *sua sponte* or on application of a Party for good cause shown, re-open the Hearing. If the Hearing is re-opened and the re-opening prevents the rendering of the Award within the time limits specified by these Rules, the time limits will be extended until the reopened Hearing is declared closed by the Arbitrator.

(j) The Arbitrator may proceed with the Hearing in the absence of a Party that, after receiving notice of the Hearing pursuant to Rule 19, fails to attend. The Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award. If the Arbitrator reasonably believes that a Party will not attend the Hearing, the Arbitrator may schedule the Hearing as a telephonic Hearing and may receive the evidence necessary to render an Award by affidavit. The notice of Hearing shall specify if it will be in person or telephonic.

(k) (i) Any Party may arrange for a stenographic or other record to be made of the Hearing and shall inform the other Parties in advance of the Hearing. The requesting Party shall

bear the cost of such stenographic record. If all other Parties agree to share the cost of the stenographic record, it shall be made available to the Arbitrator and may be used in the proceeding.

(ii) If there is no agreement to share the cost of the stenographic record, it may not be provided to the Arbitrator and may not be used in the proceeding unless the Party arranging for the stenographic record either agrees to provide access to the stenographic record at no charge or on terms that are acceptable to the Parties and the reporting service.

(iii) If the Parties agree to an Optional Arbitration Appeal Procedure (see Rule 34), they shall ensure that a stenographic or other record is made of the Hearing and shall share the cost of that record.

(iv) The Parties may agree that the cost of the stenographic record shall or shall not be allocated by the Arbitrator in the Award.

### Rule 23. Waiver of Hearing
The Parties may agree to waive the oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence as the Parties may agree.

### Rule 24. Awards
(a) The Arbitrator shall render a Final Award or a Partial Final Award within thirty (30) calendar days after the date of the close of the Hearing as defined in Rule 22(h) or, if a Hearing has been waived, within thirty (30) calendar days after the receipt by the Arbitrator of all materials specified by the Parties, except (i) by the agreement of the Parties, (ii) upon good cause for an extension of time to render the Award, or (iii) as provided in Rule 22(i). The Arbitrator shall provide the Final Award or the Partial Final Award to JAMS for issuance in accordance with this Rule.

(b) Where a panel of Arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the Arbitration Award.

(c) In determining the merits of the dispute the Arbitrator shall be guided by the rules of law and equity agreed upon by the Parties. In the absence of such agreement, the Arbitrator shall be guided by the rules of law and equity that the Arbitrator deems to be most appropriate. The Arbitrator may grant any remedy or relief that is just and equitable and within the

scope of the Parties' agreement, including but not limited to specific performance of a contract.

(d) In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, orders and Awards.

(e) Interim Measures. The Arbitrator may take whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods. Such interim measures may take the form of an interim Award, and the Arbitrator may require security for the costs of such measures. Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

(f) The Award of the Arbitrator may allocate Arbitration fees and Arbitrator compensation and expenses unless such an allocation is expressly prohibited by the Parties' agreement. (Such a prohibition may not limit the power of the Arbitrator to allocate Arbitration fees and Arbitrator compensation and expenses pursuant to Rule 31(c).)

(g) The Award of the Arbitrator may allocate attorneys' fees and expenses and interest (at such rate and from such date as the Arbitrator may deem appropriate) if provided by the Parties' agreement or allowed by applicable law.

(h) The Award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim. Unless all Parties agree otherwise, the Award shall also contain a concise written statement of the reasons for the Award.

(i) After the Award has been rendered, and provided the Parties have complied with Rule 31, the Award shall be issued by serving copies on the Parties. Service may be made by U.S. Mail. It need not be sent certified or registered.

(j) Within seven (7) calendar days after issuance of the Award, any Party may serve upon the other Parties and on JAMS a request that the Arbitrator correct any computational, typographical or other similar error in an Award (including the reallocation of fees pursuant to Rule 31(c)), or the Arbitrator may *sua sponte* propose to correct such errors in an Award. A Party opposing such correction shall have seven (7) calendar days in which to file any objection. The Arbitrator may make any necessary and appropriate correction to the Award within

fourteen (14) calendar days of receiving a request or seven (7) calendar days after the Arbitrator's proposal to do so. The corrected Award shall be served upon the Parties in the same manner as the Award.

(k) The Award is considered final, for purposes of either an Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

## Rule 25. Enforcement of the Award

Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq. or applicable state law.

## Rule 26. Confidentiality and Privacy

(a) JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.

(b) The Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information.

(c) Subject to the discretion of the Arbitrator or agreement of the Parties, any person having a direct interest in the Arbitration may attend the Arbitration Hearing. The Arbitrator may exclude any non-Party from any part of a Hearing.

## Rule 27. Waiver

(a) If a Party becomes aware of a violation of or failure to comply with these Rules and fails promptly to object in writing, the objection will be deemed waived, unless the Arbitrator determines that waiver will cause substantial injustice or hardship.

(b) If any Party becomes aware of information that could be the basis of a challenge for cause to the continued service of the Arbitrator, such challenge must be made promptly, in writing, to the Arbitrator or JAMS. Failure to do so shall constitute a waiver of any objection to continued service of the Arbitrator.

## Rule 28. Settlement and Consent Award

(a) The Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation. The JAMS mediator assigned to the case may not be the Arbitrator or a member of the Appeal Panel, unless the Parties so agree pursuant to Rule 28(b).

(b) The Parties may agree to seek the assistance of the Arbitrator in reaching settlement. By their written agreement to submit the matter to the Arbitrator for settlement assistance, the Parties will be deemed to have agreed that the assistance of the Arbitrator in such settlement efforts will not disqualify the Arbitrator from continuing to serve as Arbitrator if settlement is not reached; nor shall such assistance be argued to a reviewing court as the basis for vacating or modifying an Award.

(c) If, at any stage of the Arbitration process, all Parties agree upon a settlement of the issues in dispute and request the Arbitrator to embody the agreement in a Consent Award, the Arbitrator shall comply with such request unless the Arbitrator believes the terms of the agreement are illegal or undermine the integrity of the Arbitration process. If the Arbitrator is concerned about the possible consequences of the proposed Consent Award, he or she shall inform the Parties of that concern and may request additional specific information from the Parties regarding the proposed Consent Award. The Arbitrator may refuse to enter the proposed Consent Award and may withdraw from the case.

## Rule 29. Sanctions

The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules. These sanctions may include, but are not limited to, assessment of costs, exclusion of certain evidence, or in extreme cases determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply.

## Rule 30. Disqualification of the Arbitrator as a Witness or Party and Exclusion of Liability

(a) The Parties may not call the Arbitrator, the Case Manager or any other JAMS employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the Parties and relating to the dispute that is the subject of the Arbitration. The Arbitrator, Case Manager and other JAMS employees and agents are also incompetent to testify as witnesses or experts in any such proceeding.

(b) The Parties shall defend and/or pay the cost (including any attorneys' fees) of defending the Arbitrator, Case Manager and/or JAMS from any subpoenas from outside Parties arising from the Arbitration.

(c) The Parties agree that neither the Arbitrator, Case Manager nor JAMS is a necessary Party in any litigation or other proceeding relating to the Arbitration or the subject matter of the Arbitration, and neither the Arbitrator, Case Manager nor JAMS, including its employees or agents, shall be liable to any Party for any act or omission in connection with any Arbitration conducted under these Rules, including but not limited to any disqualification of or recusal by the Arbitrator.

## Rule 31. Fees

(a) Each Party shall pay its *pro-rata* share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration, unless the Parties agree on a different allocation of fees and expenses. JAMS agreement to render services is jointly with the Party and the attorney or other representative of the Party in the Arbitration. The non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c).

(b) JAMS requires that the Parties deposit the fees and expenses for the Arbitration prior to the Hearing and the Arbitrator may preclude a Party that has failed to deposit its *pro-rata* or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the Hearing. JAMS may waive the deposit requirement upon a showing of good cause.

(c) The Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

(d) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of JAMS assessment of fees. JAMS shall determine whether the interests between entities are adverse for purpose of fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the Arbitration.

## Rule 32. Bracketed (or High-Low) Arbitration Option

(a) At any time before the issuance of the Arbitration Award, the Parties may agree, in writing, on minimum and maximum amounts of damages that may be awarded on each claim or on all claims in the aggregate. The Parties shall promptly notify JAMS and provide to JAMS a copy of their written agreement setting forth the agreed-upon maximum and minimum amounts.

(b) JAMS shall not inform the Arbitrator of the agreement to proceed with this option or of the agreed-upon minimum and maximum levels without the consent of the Parties.

(c) The Arbitrator shall render the Award in accordance with Rule 24.

(d) In the event that the Award of the Arbitrator is between the agreed-upon minimum and maximum amounts, the Award shall become final as is. In the event that the Award is below the agreed-upon minimum amount, the final Award issued shall be corrected to reflect the agreed-upon minimum amount. In the event that the Award is above the agreed-upon maximum amount, the final Award issued shall be corrected to reflect the agreed-upon maximum amount.

## Rule 33. Final Offer (or Baseball) Arbitration Option

(a) Upon agreement of the Parties to use the option set forth in this Rule, at least seven (7) calendar days before the Arbitration Hearing, the Parties shall exchange and provide to JAMS written proposals for the amount of money damages they would offer or demand, as applicable, and that they believe to be appropriate based on the standard set forth in Rule 24 (c). JAMS shall promptly provide a copy of the Parties' proposals to the Arbitrator, unless the Parties agree that they should not be provided to the Arbitrator. At any time prior to the close of the Arbitration Hearing, the Parties may exchange revised written proposals or demands, which shall supersede all prior proposals. The revised written proposals shall be provided to JAMS, which shall promptly provide them to the Arbitrator, unless the Parties agree otherwise.

(b) If the Arbitrator has been informed of the written proposals, in rendering the Award the Arbitrator shall choose between the Parties' last proposals, selecting the proposal that the Arbitrator finds most reasonable and appropriate in light of the standard set forth in Rule 24(c). This provision

modifies Rule 24(h) in that no written statement of reasons shall accompany the Award.

(c) If the Arbitrator has not been informed of the written proposals, the Arbitrator shall render the Award as if pursuant to Rule 24, except that the Award shall thereafter be corrected to conform to the closest of the last proposals, and the closest of the last proposals will become the Award.

(d) Other than as provided herein, the provisions of Rule 24 shall be applicable.

## Rule 34. Optional Arbitration Appeal Procedure

At any time before the Award becomes final pursuant to Rule 24, the Parties may agree to the JAMS Optional Arbitration Appeal Procedure. All Parties must agree in writing for such procedure to be effective. Once a Party has agreed to the Optional Arbitration Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 13, from the Arbitration.

EXHIBIT "H"

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Commercial Arbitration Rules and Mediation PROCEDURES
(Including Procedures for Large, Complex Commercial Disputes)
Amended and Effective September 1, 2007

Summary of Changes

TABLE OF CONTENTS

IMPORTANT NOTICE
INTRODUCTION
STANDARD ARBITRATION CLAUSE
ADMINISTRATIVE FEES
MEDIATION
LARGE, COMPLEX CASES

COMMERCIAL MEDIATION PROCEDURES
M-1. Agreement of Parties

M-2. Initiation of Mediation
M-3. Representation
M-4. Appointment of the Mediator
M-5. Mediator's Impartiality and Duty to Disclose
M-6. Vacancies
M-7. Date and Responsiblities of the Mediator
M-8. Responsibilities of the Parties
M-9. Privacy
M-10. Confidentiality
M-11. No Stenographic Record
M-12. Termination of Mediation
M-13. Exclusion of Liability
M-14. Interpretation and Application of Procedures
M-15. Deposits
M-16. Expenses

M-17. Cost of Mediation

COMMERCIAL ARBITRATION RULES
R-1. Agreement of Parties
R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference
R-10. Fixing of Locale

R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43. Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits
R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

EXPEDITED PROCEDURES
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices
E-4. Appointment and Qualifications of Arbitrator
E-5. Exchange of Exhibits
E-6. Proceedings on Documents
E-7. Date, Time, and Place of Hearing
E-8. The Hearing
E-9. Time of Award

E-10. Arbitrator's Compensation

PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES
L-1. Administrative Conference

L-2. Arbitrators

L-3. Preliminary Hearing

L-4. Management of Proceedings

OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs

ADMINISTRATIVE FEES
Fees
Refund Schedule
Hearing Room Rental

IMPORTANT NOTICE

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. To ensure that you have the most current information, see our Web Site at www.adr.org.

INTRODUCTION

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on all forms of out-of-court dispute settlement.

Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

*Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.*

Arbitration of existing disputes may be accomplished by use of the following:

*We, the undersigned parties, hereby agree to submit to arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules the following controversy: (describe briefly) We further agree that the above controversy be submitted to (one) (three) arbitrator(s). We further agree that we will faithfully observe this agreement and the rules, that we will abide by and perform any award rendered by the arbitrator(s), and that a judgment of any court having jurisdiction may be entered on the award.*

In transactions likely to require emergency interim relief, the parties may wish to add to their clause the following language:

*The parties also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings.*

These Optional Rules may be found below.

The services of the AAA are generally concluded with the transmittal of the award. Although there is voluntary compliance with the majority of awards, judgment on the award can be entered in a court having appropriate jurisdiction if necessary.

Administrative Fees

The AAA charges a filing fee based on the amount of the claim or counterclaim. This fee information, which is included with these rules, allows the parties to exercise control over their administrative fees.

The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

Mediation

The parties might wish to submit their dispute to mediation prior to arbitration. In mediation, the neutral mediator assists the parties in reaching a settlement but does not have the authority to make a binding decision or award. Mediation is administered by the AAA in accordance with its Commercial Mediation Procedures. There is no additional administrative fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices.

If the parties want to adopt mediation as a part of their contractual dispute settlement procedure, they can insert the following mediation clause into their contract in conjunction with a standard arbitration provision:

*If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.*

If the parties want to use a mediator to resolve an existing dispute, they can enter into the following submission:

*The parties hereby submit the following dispute to mediation administered by the American Arbitration Association under its Commercial Mediation Procedures. (The clause may also provide for the qualifications of the mediator(s), method of payment, locale of meetings, and any other item of concern to the parties.)*

Large, Complex Cases

Unless the parties agree otherwise, the procedures for Large, Complex Commercial Disputes, which appear in this pamphlet, will be applied to all cases administered by the AAA under the Commercial Arbitration Rules in which the disclosed claim or counterclaim of any party is at least $500,000 exclusive of claimed interest, arbitration fees and costs.

The key features of these procedures include:

§ a highly qualified, trained Roster of Neutrals;

§ a mandatory preliminary hearing with the arbitrators, which may be conducted by teleconference;

§ broad arbitrator authority to order and control discovery, including depositions;

§ presumption that hearings will proceed on a consecutive or block basis.

## COMMERCIAL MEDIATION PROCEDURES

### M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedural guidelines, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

### M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for mediation may also be filed online via WebFile at www.adr.org.

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

  i.   A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.
  ii.  The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.
  iii. A brief statement of the nature of the dispute and the relief requested.
  iv.  Any specific qualifications the mediator should possess.

Where there is no preexisting stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the AAA, a party may request the AAA to invite another party to participate in "mediation by voluntary submission". Upon receipt of such a request, the AAA will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

### M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

### M-4. Appointment of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators at www.aaamediation.com in an effort to agree on a mediator. If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

  i.  Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.
  ii. If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

M-17. Cost of the Mediation

There is no filing fee to initiate a mediation or a fee to request the AAA to invite parties to mediate.

The cost of mediation is based on the hourly mediation rate published on the mediator's AAA profile. This rate covers both mediator compensation and an allocated portion for the AAA's services. There is a four-hour minimum charge for a mediation conference. Expenses referenced in Section M-16 may also apply.

If a matter submitted for mediation is withdrawn or cancelled or results in a settlement after the agreement to mediate is filed but prior to the mediation conference the cost is $250 plus any mediator time and charges incurred.

The parties will be billed equally for all costs unless they agree otherwise.

If you have questions about mediation costs or services visit our website at www.adr.org or contact your local AAA office.

Conference Room Rental

The costs described above do not include the use of AAA conference rooms. Conference rooms are available on a rental basis. Please contact your local AAA office for availability and rates.

COMMERCIAL ARBITRATION RULES

R-1. Agreement of Parties*+

(a) The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a demand for arbitration or submission agreement received by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

(b) Unless the parties or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration fees and costs. Parties may also agree to use these procedures in larger cases. Unless the parties agree otherwise, these procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures.

(c) Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000, exclusive of claimed interest, arbitration fees and costs. Parties may also agree to use the Procedures in cases involving claims or counterclaims under $500,000, or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Sections L-1 through L-4 of these rules, in addition to any other portion of these rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

(d) All other cases shall be administered in accordance with Sections R-1 through R-54 of these rules.

* The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration

clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are nonnegotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

+ A dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employment Disputes.

## R-2. AAA and Delegation of Duties

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

## R-3. National Roster of Arbitrators

The AAA shall establish and maintain a National Roster of Commercial Arbitrators ("National Roster") and shall appoint arbitrators as provided in these rules. The term "arbitrator" in these rules refers to the arbitration panel, constituted for a particular case, whether composed of one or more arbitrators, or to an individual arbitrator, as the context requires.

## R-4. Initiation under an Arbitration Provision in a Contract

(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

(i) The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

(ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.

(iii) The AAA shall confirm notice of such filing to the parties.

(b) A respondent may file an answering statement in duplicate with the AAA within 15 days after confirmation of notice of filing of the demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the party making the counterclaim shall forward to the AAA with the answering statement the appropriate fee provided in the schedule included with these rules.

(c) If no answering statement is filed within the stated time, respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

(d) When filing any statement pursuant to this section, the parties are encouraged to provide descriptions of their claims in sufficient detail to make the circumstances of the dispute clear to the arbitrator.

## R-5. Initiation under a Submission

Parties to any existing dispute may commence an arbitration under these rules by filing at any office of the AAA two

copies of a written submission to arbitrate under these rules, signed by the parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested, together with the appropriate filing fee as provided in the schedule included with these rules. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party.

### R-6. Changes of Claim

After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA. The party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

### R-7. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

### R-8. Mediation

At any stage of the proceedings, the parties may agree to conduct a mediation conference under the Commercial Mediation Procedures in order to facilitate settlement. The mediator shall not be an arbitrator appointed to the case. Where the parties to a pending arbitration agree to mediate under the AAA's rules, no additional administrative fee is required to initiate the mediation.

### R-9. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, potential mediation of the dispute, potential exchange of information, a timetable for hearings and any other administrative matters.

### R-10. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decision shall be final and binding.

### R-11. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

(a) Immediately after the filing of the submission or the answering statement or the expiration of the time within which the answering statement is to be filed, the AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

(b) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

(c) Unless the parties agree otherwise when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitrators.

R-12. Direct Appointment by a Party

(a) If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

(b) Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-17 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-17(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards.

(c) If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

(d) If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

(a) If, pursuant to Section R-12, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

(b) If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

(c) If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-11, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

R-14. Nationality of Arbitrator

Where the parties are nationals of different countries, the AAA, at the request of any party or on its own initiative, may appoint as arbitrator a national of a country other than that of any of the parties. The request must be made before the time set for the appointment of the arbitrator as agreed by the parties or set by these rules.

R-15. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. A party may request three arbitrators in the demand or answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

R-16. Disclosure

(a) Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

(b) Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

(c) In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-16 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

R-17. Disqualification of Arbitrator

(a) Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for

(i) partiality or lack of independence,

(ii) inability or refusal to perform his or her duties with diligence and in good faith, and

(iii) any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-12 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

(b) Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

R-18. Communication with Arbitrator

(a) No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for direct appointment pursuant to Section R-12 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

(b) Section R-18(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-17(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-17(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-18(a) should nonetheless apply prospectively.

R-19. Vacancies

(a) If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules.

(b) In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

(c) In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

R-20. Preliminary Hearing

(a) At the request of any party or at the discretion of the arbitrator or the AAA, the arbitrator may schedule as soon as practicable a preliminary hearing with the parties and/or their representatives. The preliminary hearing may be conducted by telephone at the arbitrator's discretion.

(b) During the preliminary hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of the issues and claims, a schedule for the hearings and any other preliminary matters.

R-21. Exchange of Information

(a) At the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct

i) the production of documents and other information, and

ii) the identification of any witnesses to be called.

(b) At least five business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing.

(c) The arbitrator is authorized to resolve any disputes concerning the exchange of information.

R-22. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

R-23. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and its representatives.

R-24. Representation

Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

## R-25. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## R-26. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## R-27. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## R-28. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

## R-29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

## R-30. Conduct of Proceedings

(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

(b) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

(c) The parties may agree to waive oral hearings in any case.

## R-31. Evidence

(a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default or has waived the right to be present.

(b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

(c) The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

(d) An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence

(a) The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

(b) If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

R-33. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

R-34. Interim Measures**

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

** The Optional Rules may be found below.

R-35. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed. If briefs are to be filed, the hearing shall b e declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section R-32 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.

R-36. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

R-37. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

R-38. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

R-39. Serving of Notice

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other methods of communication.

(c) Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

R-40. Majority Decision

When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators must make all decisions.

R-41. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

R-42. Form of Award

(a) Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the manner required by law.

(b) The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

R-43. Scope of Award

(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

(b) In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

(c) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-49, R-50, and R-51. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

(d) The award of the arbitrator(s) may include:

(i) interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

(ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

R-44. Award upon Settlement

If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

R-45. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

R-46. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

R-47. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

R-48. Applications to Court and Exclusion of Liability

(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

R-49. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe an initial filing fee and a case service fee to compensate it for