# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL G. DOAN, | CASE NO. 08cv0031-LAB (BLM) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |
| vs. | |
| JPMORGAN CHASE BANK, INC., and DOES I through 10, inclusive, | |
| Defendants. | |

On January 7, 2008, Plaintiff filed his complaint seeking damages for alleged violations of the Fair Credit Reporting Act, California's Rosenthal Act, and California tort law. The complaint stems from credit transactions between the parties, Defendant's communications to Plaintiff about these transactions, and Defendant's allegedly false credit reporting of credit information relating to these transactions.

Defendant thereafter moved to compel arbitration under the Cardmember Agreement, by which Defendant argued both parties were bound and which provided for compulsory arbitration of claims at the election of either party. Both parties submitted evidence in support of their briefing on this motion.

Counsel for both parties appeared at a hearing on this motion held today, April 28, 2008. Counsel agreed the evidence already submitted was sufficient and the Court could rule on this basis.

1    Defendant presented evidence showing the Cardmember Agreement was sent to
2  Plaintiff along with his credit card.  As explained at the hearing, the Court finds Plaintiff
3  received the original Cardmember Agreement, which contained an arbitration clause
4  substantially similar to the one Defendant now seeks to enforce.

5    The parties agree the Court should look to state law to determine whether there is a
6  valid agreement to arbitrate.  *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936–37
7  (9th Cir. 2001).  The original Cardmember Agreement (Barrett Decl. in Supp. of Mot. to
8  Compel Arbitration, Ex. A) contains a choice of law provision, under which the parties agreed
9  that disputes would be resolved under Delaware and U.S. law.  This remains unchanged in
10  amended versions of the Cardmember Agreement.  (*See id.*, Ex. D.)  Although Plaintiff
11  argues the applicable law is California law, the Court finds the parties have elected Delaware
12  law.  Whether the parties entered into a valid agreement to arbitrate is therefore determined
13  under Delaware law.

14    It was unclear whether Plaintiff received his credit card after signing a written
15  application or after applying in some other way.  However, under Delaware law, acceptance
16  and use of a credit card can constitute assent to the terms of the Cardmember Agreement.
17  *Grasso v. First USA Bank*, 713 A.2d 304, 309 (Del. Super. Ct. 1988) (holding that using
18  credit card after being informed of terms of use could constitute acceptance of terms),
19  *Carmack v. Chase Manhattan Bank*, 521 F. Supp.2d 1017, 1025 (N.D.Cal. 2007) (holding
20  that plaintiff accepted terms of agreement by accepting and using credit card).  Even if
21  Plaintiff never signed an application, the Court nevertheless holds Plaintiff initially agreed to
22  the terms of the Cardmember Agreement, including an arbitration clause substantially similar
23  to the one Defendant now seeks to enforce.  The original Cardmember Agreement permits
24  unilateral amendment of the agreement provided notice is given to the cardholder.  (Barrett
25  Decl., Ex. A, ¶ 23.)  The Court rejects Plaintiff's suggestion that Defendant provided
26  inadequate notice of the original Cardmember Agreement by failing to make it more
27  conspicuous.
28  / / /

1   Under *Chiron Corp. v. Ortho Diagnostic Systems, Inc*. 207 F.3d 1126, 1130 (9th Cir.
2   2000), the Court considers whether (1) whether there is an agreement to arbitrate; (2)
3   whether there are arbitrable claims; and (3) whether there has been a waiver of the right to
4   arbitrate by the moving party.

5   In the original Cardmember Agreement, Plaintiff entered into an arbitration agreement
6   with Chase Manhattan Bank USA, NA, to which Defendant has succeeded.   Plaintiff's
7   dispute with Defendant arose in the context of this agreement, as later amended.   Rather
8   than being one-sided, the arbitration clause was equally enforceable by both parties. *See*
9   *Carmack*, 521 F. Supp.2d at 1025 (holding arbitration clauses are not unconscionable under
10  either California or Delaware law, if they bind both parties equally).

11  Plaintiff argued at length the arbitration clause's limitation on class arbitrations
12  rendered the arbitration clause unconscionable (P.'s Opp'n to Mot. to Compel Arbitration at
13  12:1–15:9 (citing California law).)  This limitation is irrelevant to Plaintiff's claim, however, as
14  he is not attempting to bring a class action, nor could he do so bearing in mind the facts on
15  which his claims are based are personal to him and not uniform across a class.
16  Furthermore, the arbitration clause contains a severability provision.  No other basis for a
17  finding of unconscionability was presented.  The Court therefore finds the arbitration clause
18  is valid and not unconscionable.

19  Examining the second *Chiron* factor, the Court finds all claims arbitrable.   The
20  arbitration clause is extremely broad, encompassing all claims "arising from or relating in any
21  way to the Cardmember Agreement, any prior cardmember agreement, [or the] credit card
22  Account . . . ."  (Barrett Decl., Ex. A, Ex. D (Cardmember Agreements).)  All claims in the
23  complaint fall under this broad description, and can be resolved by the arbitrator.

24  As for the third *Chiron* factor, the Court finds Defendant has not waived arbitration.
25  Federal law and policy favor the enforcement of agreements to arbitrate, *Moses H.*
26  *Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983), and such agreements
27  are normally enforced, absent grounds for the revocation of the agreement (which are not
28  present here).  *See* 9 U.S.C. § 2.

1    Under 9 U.S.C. § 3, the Court is required to refer this matter for arbitration and to stay

2    proceedings until arbitration is completed as required under the parties' agreement.

3    Having determined that the arbitration agreement in this case is enforceable, this

4    action is referred to arbitration.  Accordingly, Defendant's motion to compel arbitration is

5    **GRANTED**, and this action is **STAYED** pending completion of the arbitration.  Following the

6    arbitrator's decision, the parties are **ORDERED** to file a notice within 30 calendar days so

7    informing the Court.  If no further issues remain following arbitration, the parties are

8    **ORDERED** to file a joint motion for dismissal promptly following the filing of the required

9    notice.

10    **IT IS SO ORDERED**.

11    DATED: April 30, 2008

12

13    **HONORABLE LARRY ALAN BURNS**
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                                  08cv0031